OPINION OF THE COURT
Memorandum.
The judgment of the Appellate Division should be affirmed, without costs.
Following petitioner’s testimony as a witness before a 1980 Grand Jury investigating an alleged arson, that Grand Jury was instructed with respect to possible charges of criminal contempt and perjury against him. In consequence, the Grand Jury directed the District Attorney to indict petitioner for criminal contempt but not for perjury. The District Attorney subsequently determined, however, that the evidence would not support a criminal contempt charge and asked that that charge be dismissed.
In July, 1981, the arson charge was resubmitted to a new Grand Jury pursuant to leave granted when the original arson indictment was dismissed. Again petitioner was *839 called as a witness, and he gave testimony substantially paralleling that which he had given before the first Grand Jury. On this occasion the 1981 Grand Jury indicted him for perjury.
Petitioner moved to dismiss the indictment on the ground that the People had failed to obtain authorization to “resubmit” the perjury charge pursuant to CPL 190.75 (subd 3) which provides in pertinent part: “When a charge has been so dismissed [by the Grand Jury], it may not again be submitted to a grand jury unless the court in its discretion authorizes or directs the people to resubmit such charge to the same or another grand jury.” When that motion was denied, petitioner instituted the present article 78 proceeding in the nature of prohibition. The Appellate Division dismissed the proceeding. We affirm the dismissal, on the merits.
Prohibition is available in the circumstances presented in this record (Matter of Forte v Supreme Ct. of State of N. Y., 48 NY2d 179; People ex rel. Flinn v Barr, 259 NY 104, 108).
Authorization for resubmission, however, was not required in this instance, and the provisions of CPL 190.75 (subd 3) have no application. If we assume, without deciding, that the failure of the 1980 Grand Jury to indict was the equivalent of a dismissal for the purposes of the statute, the statute is nonetheless inapplicable inasmuch as the charge against petitioner presented to the 1981 Grand Jury was not the charge against him that had been presented to the 1980 Grand Jury. It is true that the substantive charge of arson being considered by the 1981 Grand Jury arose out of the same transaction as that which underlay the arson presentment made to the 1980 Grand Jury. As to the charges of perjury, however, the situation is entirely different. The original charge was based on testimony given before the 1980 Grand Jury; the perjury charge for which the 1981 Grand Jury indicted defendant was with respect to a different crime committed on a different occasion — the giving of false testimony before the 1981 Grand Jury nearly a year later. That the content of defendant’s testimony on the two occasions was parallel or even identical does not in any way diminish the fact that *840 there were two separate and discrete criminal transactions — the alleged swearing falsely before the 1980 Grand Jury and the alleged swearing falsely before the 1981 Grand Jury. The present indictment is based on the latter, new offense and did not constitute a “resubmission” of the original charge.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Fuchsberg, Meyer and Simons concur.
Judgment affirmed, without costs, in a memorandum.