■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v CHARLES PHIPPS, Respondent.—Order, Supreme Court, Bronx County (Phylis Bamberger, J.), issued March 6, 1989, which dismissed indictment No. 746/89, charging defendant with criminal possession of a weapon in the second and third degrees (Penal Law §§ 265.03, 265.02) and menacing (Penal Law § 120.15), unanimously reversed, on the law, the indictment reinstated, and the matter remanded to accord the People an opportunity to present evidence of compliance with CPL 190.25 (1).

Prior to taking the vote on February 10, 1989, the prosecutor ascertained that there was a quorum of grand jurors present who had heard the essential testimony, but failed to instruct the Grand Jury that only those who had heard all of the evidence, presented January 25, January 27, and February 9, 1989, could vote.

Upon a motion to inspect and dismiss on the basis of prosecutorial misconduct, the trial court examined the Grand Jury minutes and, while rejecting that claim, *sua sponte* determined that there was a question as to whether the vote was taken of at least 12 grand jurors who had heard all of the essential testimony. Neither the Grand Jury minutes nor its attendance sheets provided sufficient information to establish that this requirement had been satisfied, and the indictment was dismissed with leave to the People to re-present.

On appeal, the People assert that the trial court's order was

issued without fair notice of the specific defect alleged, and without according the People an adequate opportunity to respond. *(See, People v Jennings,* 69 NY2d 103, 113; CPL 210.45.)* In light of the *sua sponte* grant of dismissal on a ground other than that relied upon by defendant, we reverse and remand to permit the People to establish full compliance with CPL 190.25 (1). Concur—Carro, J. P., Ellerin, Ross, Asch and Kassal, JJ.