■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ERIC GORDON, Respondent. [626 NYS2d 601] —Order unanimously reversed on the law, motion denied, indictment reinstated and matter remitted to Supreme Court for further proceedings on the indictment. Memorandum: The People appeal from an order of Supreme Court that dismissed an indictment charging defendant with robbery in the first degree (Penal Law § 160.15 [4]), criminal possession of stolen property in the fifth degree (Penal Law § 165.40), and criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [2]).

The victim and sole eyewitness testified before the Grand Jury that defendant was one of two men who robbed him at gunpoint. A *Wade* hearing was subsequently held and the court suppressed any identification of defendant by the victim because of an unduly suggestive showup conducted by the police. The court thereafter granted defendant's motion to dismiss the indictment on the ground that, without the identification testimony, the Grand Jury lacked "sufficient, competent and admissible" evidence to justify voting the indictment.

The court erred in dismissing the indictment on the ground that, absent the identification testimony, the evidence before the Grand Jury was insufficient *(see,* CPL 210.20 [1] [b]). Although the identification evidence was subsequently found to be unreliable and incompetent based on the extrinsic proof presented at the *Wade* hearing, it supported a determination of guilt when presented to the Grand Jury *(see, People v Swamp,* 84 NY2d 725, 731). As the Court of Appeals recently stated, "[e]vidence deemed inadmissible at trial after extrinsic proof reveals some infirmity may nevertheless have supported a prima facie case at the Grand Jury stage" *(see, People v Swamp, supra,* at 732).

Additionally, defendant was not entitled to dismissal pursuant to CPL 210.20 (1) (h). Although the People's case is weakened without identification testimony, there is no legal impediment to conviction *(see, People v Swamp, supra,* at 732). (Appeal from Order of Supreme Court, Erie County, Doyle, J. —Dismiss Indictment.) Present—Green, J. P., Lawton, Fallon, Callahan and Boehm, JJ.