OPINION OF THE COURT
 

 Ciparick, J.
 

 Defendant was indicted for one count of robbery in the first degree, one count of criminal possession of stolen property in the fifth degree and one count of criminal possession of a weapon in the fourth degree for his role in the armed holdup of the manager of a restaurant in Buffalo. After the manager’s identification of defendant was suppressed, defendant moved to dismiss the indictment pursuant to CPL 210.20 (1) (b) and (h) on the grounds that the evidence before the Grand Jury was
 
 *94
 
 legally insufficient and that there was a legal impediment to conviction, arguments defendant presses on this appeal. For the reasons that follow, we conclude that the indictment is not rendered legally insufficient due to the suppression of the identification evidence nor is there a legal impediment to conviction simply because the People’s case is weakened without that identification.
 

 I.
 

 On October 31, 1992, two officers on radio patrol responded to the report of the armed robbery. When they arrived at the restaurant, the officers encountered the manager, Libo Liu. Liu described the two robbers as males, one dressed in a red sweatsuit and the other wearing a black jacket with a plastic bag over his face. Liu said that the man in the black jacket brandished a gun and that the man in the red sweatsuit removed between $300 to $500 from the cash register and demanded his wristwatch. With this information, the officers canvassed the immediate neighborhood in search of the armed bandits.
 

 The officers spotted two individuals generally fitting the description, and approached them for purposes of conducting a patdown. After a pellet gun was recovered from the waistband of the man wearing the red sweatpants — not the defendant— the two were informed that they were suspects in a robbery. The officers transported them to the restaurant, and one officer went into the restaurant and brought Liu out to the patrol car. That officer then brought defendant out of the back of the patrol car and asked Liu whether he recognized him. Liu hesitated for a moment but ultimately identified defendant as the robber.
 

 At the
 
 Wade
 
 hearing, it was revealed that Liu positively identified defendant after the officer placed the gun in defendant’s hand and requested that he point it in the direction of Liu. The hearing court ruled that Liu’s identification of defendant should be suppressed because it was the result of an improper, unconstitutional and unduly suggestive procedure.
 

 Subsequently, defendant moved,
 
 inter alia,
 
 to dismiss the indictment pursuant to CPL 210.20 (1) (b) and (h). Defendant argued that because the identification by Liu was suppressed and the arresting officer’s knowledge flowed directly from this improper identification, there was nothing linking defendant to the crime. Defendant declared that the indictment, based only on his presence a quarter of a mile from the crime scene
 
 *95
 
 in the company of an individual identified as a participant in the robbery and his possession of $135 in cash, does not establish every element of the crimes charged and is therefore legally insufficient. Defendant also asserted that neither the alleged weapon nor the watch reportedly stolen from the restaurant manager was recovered from him. In addition, defendant contended that without the testimony of Liu, the People lacked evidence that he participated in the robbery, acted as a principal or accomplice, possessed the gun during the robbery or immediate flight therefrom, or of the source of his cash. Thus, defendant maintained that because the People’s evidence was no longer competent, there existed a legal impediment to his conviction.
 

 Supreme Court agreed and granted defendant’s motion to dismiss the indictment, noting that in the absence of Liu’s identification testimony it was not persuaded that the evidence presented to the Grand Jury was legally sufficient to justify the indictment. The Appellate Division reversed, on the law, denied the motion, reinstated the indictment and remitted to Supreme Court for further proceedings on the indictment (see,
 
 People v Gordon,
 
 214 AD2d 1029). Relying on this Court’s decision in
 
 People v Swamp
 
 (84 NY2d 725), the Appellate Division ruled that although the identification evidence was determined unreliable and incompetent at the
 
 Wade
 
 hearing, it nevertheless supported a prima facie case at the Grand Jury stage (see,
 
 People v Gordon,
 
 214 AD2d 1029,
 
 supra).
 
 Additionally, the Court held that under the authority of
 
 Swamp
 
 there was no legal impediment to conviction even though the People’s case was weakened without Liu’s identification testimony (see,
 
 id.).
 
 A Judge of this Court granted defendant leave to appeal and we now affirm.
 

 II.
 

 CPL 190.65 (1) provides that a Grand Jury may indict a person for an offense when the evidence before it (a) establishes all the elements of the crime and (b) also establishes reasonable cause to believe that the accused committed the crime to be charged. The first prong of the statute requires that the People present prima facie proof that the charged crime has been committed by defendant; the second dictates the degree of certitude grand jurors must possess to indict
 
 (see, People v Jennings,
 
 69 NY2d 103, 115).
 

 In the context of Grand Jury procedure, we have held that legally sufficient evidence means proof of a prima facie case,
 
 *96
 
 not proof beyond a reasonable doubt
 
 (see, id.; People v Mayo,
 
 36 NY2d 1002, 1004;
 
 People v Haney,
 
 30 NY2d 328, 335-336;
 
 People v Peetz,
 
 7 NY2d 147, 149;
 
 see also,
 
 CPL 70.10). Evidence that is legally sufficient to establish a prima facie case in the Grand Jury may nevertheless be inadequate to prove guilt beyond a reasonable doubt at trial
 
 (see, People v Sabella,
 
 35 NY2d 158, 167). If competent prima facie evidence underlying an indictment is subsequently rendered inadmissible by extrinsic proof — for example, evidence of an unduly suggestive identification procedure proffered at a
 
 Wade
 
 hearing — the legal sufficiency of the indictment is not undermined
 
 (see, People v Swamp,
 
 84 NY2d, at 731-732,
 
 supra; People v Brewster,
 
 63 NY2d 419, 422-423;
 
 People v Oakley,
 
 28 NY2d 309, 312). Competent prima facie evidence stands sufficient until nullified, and can supply a necessary element in a prima facie case unless nullified before an indictment is secured
 
 (see, People v Swamp,
 
 84 NY2d, at 731,
 
 supra; People v Oakley,
 
 28 NY2d, at 312,
 
 supra).
 

 We have recognized a distinction between evidence subject to a per se exclusionary rule that is never sufficient to support an indictment and evidence that is sufficient to support a prima facie case before the Grand Jury but is later proven unreliable
 
 (see, People v Swamp,
 
 84 NY2d, at 731-732,
 
 supra; People v Oakley,
 
 28 NY2d, at 312,
 
 supra).
 
 In the latter situation, we have declined to undo the work of the Grand Jury because the court’s function on a motion to dismiss pursuant to CPL 210.20 (1) (b) is limited to an assessment of the legal sufficiency of the evidence at the time of the indictment, not in light of subsequent developments. The relevant inquiry on a motion to dismiss an indictment pursuant to CPL 210.20 (1) (b) is whether the evidence before the Grand Jury, viewed most favorably to the People, would support a determination of guilt
 
 (see,
 
 CPL 190.65 [1] [a];
 
 People v Jennings,
 
 69 NY2d, at 115,
 
 supra).
 
 Here, Liu’s positive identification of defendant, together with the arresting officer’s testimony, as presented to the Grand Jury, satisfied this threshold standard
 
 (see, People v Brewster,
 
 63 NY2d, at 422-423,
 
 supra; People v Oakley,
 
 28 NY2d, at 312,
 
 supra).
 
 To hold otherwise would convert the reviewing court’s function into a summary judgment evaluation of the quality and quantum of the People’s evidence, a function reserved to the petit jury.
 

 Defendant further contends that the legal insufficiency of the evidence relied upon by the Grand Jury creates a legal impediment to conviction within the meaning of CPL 210.20 (1)
 
 *97
 
 (h) which independently requires dismissal of the indictment. Defendant asserts that this pretrial failure of the prosecution’s evidence constitutes the legal impediment identified in
 
 Swamp,
 
 where this Court held that if the chemical field test used to indict defendant for possession of a controlled substance was subsequently contradicted there would "exist[ ] a 'legal impediment to conviction of the defendant for the offense charged,’ since it would be impossible for the People to obtain a conviction based on the result of a field test that has been conclusively contradicted”
 
 (People v Swamp,
 
 84 NY2d, at 732,
 
 supra,
 
 quoting CPL 210.20 [1] [h]). Defendant’s reliance on
 
 Swamp
 
 is misplaced.
 

 In
 
 Swamp,
 
 we specifically ruled that the positive preliminary field test result indicating the presence of cocaine presented to the Grand Jury satisfied the threshold standard of legal sufficiency to establish a prima facie case of unlawful possession of a controlled substance under Penal Law § 220.06 (5)
 
 (see, id.; see also,
 
 CPL 190.30 [2]; 715.50 [1]). Consequently, we rejected defendant’s arguments to dismiss under CPL 210.20 (1) (b) on the grounds that such preliminary determination was insufficient to establish a prima facie case and that a formal laboratory analysis was required to support the indictment
 
 (see, People v Swamp,
 
 84 NY2d, at 729,
 
 supra).
 
 The legal impediment to conviction for unlawful possession of cocaine referred to in
 
 Swamp
 
 arises when a subsequent, formal laboratory test yields a negative result for the presence of cocaine in direct contradiction to the only other evidence of possession — the positive result from the field test performed immediately after the substance was retrieved from defendant. This strips the People of the only demonstrable evidence of defendant’s possession of an unlawful quantity of cocaine. Absent any proof to support the statutory element of possession of 500 milligrams or more of cocaine, there is a legal impediment to conviction within the contemplation of CPL 210.20 (1) (h)
 
 (see, People v Franco,
 
 86 NY2d 493, 498-499).
 

 This sharply contrasts with the circumstances of the instant case, where the suppression of the identification evidence simply diminishes the quantum of proof against defendant but does not negate any elements of the charged crimes. While the absence of the identification may create difficulty for the prosecution at trial, it certainly does not render it impossible for the People to obtain a conviction against defendant
 
 (see, People v Avant,
 
 33 NY2d 265, 271). Indeed, it is always possible that another witness may surface or that evidence
 
 *98
 
 previously unavailable to the Grand Jury may be produced at trial. Therefore, there is no legal impediment to conviction.
 

 Accordingly, the order of the Appellate Division should be affirmed.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith and Levine concur.
 

 Order affirmed.