[648 NYS2d 430]

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ROY PARKER, Respondent.

First Department, September 12, 1996

APPEARANCES OF COUNSEL

*Penny Rosenberg* of counsel *(Eleanor J. Ostrow* on the brief; *Robert M. Morgenthau, District Attorney* of New York County, attorney), for appellant.

*Paul J. Angioletti* for respondent.

## OPINION OF THE COURT

Tom, J.

The issues presented on this appeal concern whether the trial court acted in excess of its authority when it orally dismissed the indictment after ruling at a *Mapp* hearing that the police had arrested defendant without probable cause and, accordingly, suppressed the money found upon the defendant's person; and whether the People waived the provisions of CPL 210.45 (1), which requires that a motion to dismiss an indictment be made "in writing and upon reasonable notice to the people," by failing to object to the dismissal in the hearing court.

On March 31, 1994, at approximately 3:10 A.M., New York City Police Officers Dennis Morgano and James O'Sullivan observed defendant Roy Parker and codefendant Knud Busby* running on a deserted street to a waiting cab, where a third man was waving to them. After the three men entered the taxi, Officer O'Sullivan pulled his police cruiser in front of it, blocking its path.

The three men then exited the cab, and Officer O'Sullivan began following the individual who had been waving to the others, while Officer Morgano stopped the other two, one of whom was defendant and the other was Busby. Officer O'Sullivan asked the man he was following to stop, but he refused, exclaiming "I'm not with them. I'm not down with that. I have nothing to do with that." Officer O'Sullivan subsequently detained the individual, and while doing so, heard a radio run concerning "Al's Deli". Officer O'Sullivan knew Al's Deli was across the street and when he looked over, he noted that the security gate to the deli was partially open, the interior lights were on, and there was broken glass on the sidewalk.

Officer O'Sullivan motioned for Officer Morgano, who had detained defendant and Busby, to look across the street. Officer

---

* On August 9, 1994, Busby pleaded guilty to burglary in the third degree and on August 30, 1994, he was sentenced by Justice Franklin Weissberg to a term of from 2 to 4 years. Busby has not appealed.

O'Sullivan then received a radio run that a security alarm had been tripped at Al's Deli, and he told Officer Morgano to handcuff defendant and Busby.

The two officers, after other units had arrived to hold the men in custody, went over to inspect the deli and found it in disarray. The padlock on the security gate and the window had been broken, there were spots of blood in various parts of the store, the cash registers were smashed and there was money on the floor. Upon returning outside, it was discovered that Busby's hand was bleeding and, after defendant and Busby were searched, broken shards of glass and 51 bloodstained bills were recovered from Busby and seven dollar bills were recovered from inside defendant's shirt sleeve.

At the conclusion of the *Mapp* hearing, the court granted the suppression motion and suppressed the money found on defendant's person, concluding that the arrests were not supported by probable cause. The court found that: "In this case the officers went on this great little frolic and stopped two men on the street, threw them up against a van, searched them, recovered nothing and now try to justify the search by saying, 'Oh, yes, they got a radio run about a deli and so that retroactively justified the search.' That is not the law, never was the law, never will be the law."

Justice Mogel, after announcing his ruling, ordered the defendant discharged, to which the prosecutor responded that he believed the People could still proceed to trial. The court responded: "No, you can't. I've just dismissed this. I'll keep the record open for thirty days and you'll decide whether you want to appeal. The indictment is dismissed." The People then requested that the court stay the dismissal for 30 days, presumably to allow them time to respond, which the court refused. The People appeal and we now reverse.

The People maintain that the trial court erred in dismissing the indictment, as the dismissal fit within none of the exclusive grounds delineated in CPL 210.20 (1) (a)-(i). Defendant, however, contends that the indictment was properly dismissed pursuant to CPL 210.20 (1) (h), which provides for the dismissal of an indictment where there "exists some other jurisdictional or legal impediment to conviction of the defendant for the offense charged." Defendant avers that the legal impediment is the fact that after suppression of the money, there was insufficient evidence to convict him.

In *People v Gordon* (88 NY2d 92), the Court of Appeals recently addressed this very issue. In *Gordon*, the trial court

suppressed a suggestive showup identification made by the robbery victim, and the defendant subsequently moved for dismissal of the indictment on the grounds, *inter alia*, that there now existed a legal impediment to defendant's conviction.

The Court of Appeals ruled that suppression of the identification did not constitute a "legal impediment" *(supra, at 97)* to the conviction and distinguished its holding in *People v Swamp* (84 NY2d 725), by explaining that in *Swamp*, the subsequent laboratory test results effectively stripped the People of the only demonstrable evidence they had to prove that the substance possessed was cocaine, which proof constituted an element of the crime. The *Gordon* Court went on to state that: "[The situation in *Swamp*] sharply contrasts with the circumstances of the instant case, where the suppression of the identification evidence simply diminishes the quantum of proof against defendant but does not negate any elements of the charged crimes. While the absence of the identification may create difficulty for the prosecution at trial, it certainly does not render it impossible for the People to obtain a conviction against defendant *(see, People v Avant, 33 NY2d 265, 271).* Indeed, it is always possible that another witness may surface or that evidence previously unavailable to the Grand Jury may be produced at trial. Therefore, there is no legal impediment to conviction." *(Supra, at 97-98.)*

In the matter at bar, the suppression of the money recovered from defendant did not negate any element of the burglary charge and, in fact, did not substantially weaken the case. The small amount of money recovered from defendant was not specifically identifiable (as compared to the codefendant's possession of bloodstained money). Indeed, defendant fails to specify how the suppression ruling rendered the evidence insufficient, and there is always the possibility that the People could obtain additional evidence in this case. Although the People do not have an ironclad case against defendant, there was no "legal impediment" to the conviction and the indictment should not have been dismissed on this ground.

The hearing court also erred in failing to allow the People adequate time to address the issue of whether the indictment should be dismissed. CPL 210.45 (1) mandates that a motion to dismiss an indictment "must be made in writing and upon reasonable notice to the people." Defendant maintains that the People waived compliance with the statute by failing to object to the procedures employed by Justice Mogel. We disagree.

While it is true that the People may waive such procedural objections by failing to object at the time of the dismissal, or

move for reargument soon thereafter *(see, People v Jennings*, 69 NY2d 103; *People v Singleton*, 42 NY2d 466), this Court has held that the "waiver" rule should not be applied in an indiscriminate manner. In *People v Littles* (188 AD2d 255, 256, *lv denied* 81 NY2d 842), we distinguished *Jennings* and *Singleton* and held that: "[The *Jennings* and *Singleton*] decisions involved extensive oral argument upon fully clarified issues presented with adequate notice to the People. They stand in stark contrast to the situation presented here, where apart from an oral announcement from the Bench that the court was considering a speedy trial dismissal, the grounds for such ruling were neither raised by defendant nor clarified by the court."

We find that the matter before us is completely consistent with *Littles*, in that the dismissal of the indictment was summary in nature and the People were not prepared to respond, although the prosecutor did request that the dismissal be stayed for 30 days, presumably to prepare a response. This application was denied by the hearing court. Further, argument on the issue was practically nonexistent due to the court's clear directive that an appeal, not additional argument, was the People's only remedy. Nor were the issues clarified, as it was far from clear what particular subdivision, if any, the court was relying on when it dismissed the indictment. In conclusion, we find that the People did not silently acquiesce to the dismissal and no waiver may be fairly inferred under these circumstances.

Accordingly, the order of the Supreme Court, New York County (Murray Mogel, J.), which was entered on October 12, 1994, dismissing the indictment charging defendant with one count of burglary in the third degree, is unanimously reversed, on the law and the facts, the indictment is reinstated, and the matter is remanded for further proceedings.

MILONAS, J. P., ELLERIN, KUPFERMAN and MAZZARELLI, JJ., concur.

Order, Supreme Court, New York County, entered October 12, 1994, reversed, on the law and the facts, the indictment reinstated and the matter remanded for further proceedings.