■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v THOMAS SANTMYER, Respondent. [680 NYS2d 367] —Order unanimously reversed on the law, motion denied, indictment reinstated and matter remitted to Onondaga County Court for further proceedings on the indictment. Memorandum: The People appeal from an order dismissing an indictment charging defendant, a City of Syracuse police officer, with perjury in the first degree (Penal Law § 210.15). The People contend that County Court erred in dismissing the indictment on the grounds of impairment of the integrity of the Grand Jury proceeding (*see,* CPL 210.20 [1] [c]; 210.35 [5]) and preindictment delay (*see generally, People v Singer,* 44 NY2d 241). We agree.

The court erred in dismissing the indictment on the ground that there were defects impairing the integrity of the Grand Jury proceeding and creating a possibility of prejudice to defendant. Defendant's sole contention in that regard was that the matter had been withdrawn from the first Grand Jury's consideration and resubmitted to a second Grand Jury without leave of court (*see,* CPL 190.75; *see generally, People v Wilkins,* 68 NY2d 269). The People established in opposition, however, that the first Grand Jury was never asked to consider criminal charges against defendant, and thus such charges were not "withdrawn" from the first Grand Jury's consideration and improperly submitted to the second Grand Jury (*see, People v Wilkins, supra,* at 274; *see also, Matter of Colf v Serra,* 58 NY2d 837, 839).

In dismissing the indictment on the ground of impairment of the integrity of the Grand Jury proceeding, the court did not address defendant's *Wilkins* contention, but relied on three other alleged defects not raised by defendant. That was error. It is a defendant's burden to demonstrate, on written notice to the People (*see,* CPL 210.45 [1]), the existence of defects impairing the integrity of the Grand Jury proceeding and giving rise

to a possibility of prejudice (*see, People v Sheltray*, 244 AD2d 854, *lv denied* 91 NY2d 897). Further, orderly procedures require that the People be given the opportunity to address any alleged defects prior to dismissal of an indictment (*see,* CPL 210.45 [2], [6]; *People v Parker*, 223 AD2d 179, 182-183, *lv denied* 89 NY2d 927). Because the court deprived the People of that opportunity, the order must be reversed.

In any event, we conclude that the defects identified by the court did not impair the integrity of the proceeding and did not create a possibility of prejudice to defendant (*see, People v Sheltray, supra*; *People v Carey*, 241 AD2d 748, 751, *lv denied* 90 NY2d 1010; *see generally,* CPL 210.20 [1] [c]; 210.35 [5]; *People v Adessa*, 89 NY2d 677, 682). Because it should have been obvious to the Grand Jurors that defendant's testimony was inconsistent with that of the other witnesses, there was no potential for prejudice as a result of the Assistant District Attorney's testimony. Further, the court erred in concluding that the People were obligated to introduce the prior Grand Jury testimony of two other witnesses. That prior testimony was not admissible (*see,* CPL 190.30 [3]; 670.10 [1]; 670.20 [2]; *see generally,* Prince, Richardson on Evidence §§ 8-513—8-517 [Farrell 11th ed]). Finally, the proceeding was not rendered defective by the prosecutor's failure to instruct the Grand Jury concerning which of defendant's statements were alleged to be perjurious. "[A] Grand Jury need not be instructed with the same degree of precision" required for a petit jury (*People v Calbud, Inc.*, 49 NY2d 389, 394), and the prosecutor has discretion in giving instructions (*see,* CPL 190.30 [7]; *People v Darby*, 75 NY2d 449, 454; *People v Bomberry*, 112 AD2d 18, 19, *lv denied* 66 NY2d 614). Generally, the prosecutor satisfies his obligation to instruct the Grand Jury by reading the appropriate provisions of the Penal Law (*see, People v Calbud, Inc., supra,* at 394-395), which was done here. We note that the indictment itself recites defendant's alleged perjury with specificity and refers to a single statement of defendant. In that light, a more detailed instruction was not essential to guide the Grand Jury's deliberations.

Similarly, the court erred in dismissing the indictment on the ground of preindictment delay, a claim likewise not advanced by defendant. In doing so, the court again deprived the People of notice and an opportunity to be heard, which is their right on a motion to dismiss an indictment (*see,* CPL 210.45 [1], [2], [6]; *cf., People v McMillan*, 234 AD2d 1006, *lv denied* 89 NY2d 1038; *People v Lush*, 234 AD2d 991; *People v Parker, supra,* at 182-183; *People v Collins*, 154 AD2d 901, 902,

*lv denied* 75 NY2d 769). Moreover, in the absence of a motion and supporting papers, the record does not support the court's analysis of the relevant factors or the court's ultimate determination that defendant was deprived of due process by unjustified preindictment delay (*see generally, People v Singer, supra,* at 251-255). (Appeal from Order of Onondaga County Court, Mulroy, J.—Dismiss Indictment.) Present—Denman, P. J., Green, Pigott, Jr., Callahan and Boehm, JJ.