■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v LUIS RODRIGUEZ, Respondent. [690 NYS2d 186] —Order, Supreme Court, New York County (Herbert Adlerberg, J.), entered on or about April 18, 1997, which dismissed the indictment pursuant to CPL 190.75 (3) for failure to seek judicial approval for a second presentation to the Grand Jury, unanimously reversed, on the law, the indictment reinstated and the matter remanded for further proceedings.

Defendant was arrested in a buy and bust operation on January 9, 1996 for the sale of 4 vials of crack cocaine to an undercover officer and the possession of 12 additional vials. He was charged in a felony complaint with criminal sale of a controlled substance in the third degree, criminal sale of a controlled substance in or near school grounds, and criminal possession of a controlled substance in the third degree, under an intent to sell theory.

On April 4, 1996, the People presented evidence to a Special

Narcotics Grand Jury, asking it to consider only the third-degree sale charge. The undercover officer testified that he purchased 4 vials of crack cocaine from defendant in exchange for $20 of prerecorded buy money. The undercover further testified that he performed a "field test" on the contents of one vial resulting in a finding of "blue over pink", which indicated that cocaine was present. In response to a grand juror's question as to why no lab report had been introduced, the prosecutor replied that it was irrelevant to their consideration. Subsequently, the undercover was recalled before the Grand Jury and testified that he had made a mistake regarding the results of the field test, which actually was "pink over blue." In either event, the undercover stated, the result was positive for cocaine. The Grand Jury returned a vote of no true bill on the third-degree sale charge.

On April 19, 1996, the prosecutor presented evidence to the same Grand Jury, asking it to consider only the third-degree possession charge. The undercover repeated his earlier testimony, except that this time a lab report was introduced into evidence to establish that the vials contained cocaine. The arresting officer, who was injured at the time of the first presentation, testified that he arrested defendant and recovered 12 vials of cocaine and the prerecorded buy money from him. A second lab report established that these vials also contained cocaine.

In his omnibus motion, defendant moved to dismiss the indictment on various grounds, including "any impropriety" under the law. In a supplemental response, the People asserted that since the charges submitted at the first and second Grand Jury presentations were separate and distinct crimes, judicial authorization was not required under CPL 190.75 (3). Defendant responded that although the prosecution was "entirely within its bounds to submit the charge of possession in the third degree" without judicial authorization, it could not use the undercover's testimony which had resulted in a no true bill in the first presentation.

The motion court agreed with defendant and dismissed the indictment. It reasoned that because the strongest evidence of defendant's possession with intent to sell was the undercover's testimony, which had earlier been "dismissed" by the same Grand Jury, the People were required to seek judicial approval before resubmitting the matter. The People appeal this determination.

We agree with the People that submission of the third-degree possession charge to the Grand Jury without prior judicial au-

thorization did not violate CPL 190.75 (3). "CPL 190.75 (3) prohibits the District Attorney, without leave of court, from resubmitting a charge that has been previously dismissed by the Grand Jury. The statute was enacted to curb abuses that resulted from the common-law rule that allowed prosecutors to resubmit charges to successive Grand Juries ad infinitum until one voted an indictment (*People v Wilkins*, 68 NY2d 269, 273)." (*People v Montanez*, 90 NY2d 690, 693.) CPL 190.75 (3) provides: "When a *charge* has been * * * dismissed [by a grand jury], *it* may not again be submitted to a grand jury unless the court in its discretion authorizes or directs the people to resubmit such *charge* to the same or another grand jury. If in such case the *charge* is again dismissed, *it* may not again be submitted to a grand jury" (emphasis added).

As the plain language of the statute commands, judicial authorization is required only when the People seek to submit the *same charge* to the Grand Jury (*Matter of Colf v Serra*, 58 NY2d 837, 839-840). In *Colf* (*supra*), the defendant was called to testify in the Grand Jury in successive years, 1980 and 1981, in connection with an arson investigation. The prosecutor asked the Grand Jury to consider a perjury charge against the defendant after his 1980 testimony, but the Grand Jury returned a no true bill. However, after his 1981 testimony, the prosecutor successfully obtained an indictment against the defendant for perjury, without having sought prior judicial authorization. In upholding the indictment, the Court of Appeals ruled that judicial authorization was not required in these circumstances because the two perjury charges related to separate and distinct crimes.

The same is true here, where the charges of selling drugs and possessing them with the intent to sell were separate and distinct crimes. Simply put, that statute does not apply where a different charge is submitted (*Matter of Colf v Serra, supra*). Although defendant suggests that CPL 190.75 (3) should be read more broadly so as to require judicial authorization for resubmission when any one of multiple charges arising out of the same criminal transaction is dismissed by a Grand Jury, the language of the statute does not support such a reading. Had the Legislature intended that CPL 190.75 (3) apply to *any* charge arising out of a criminal transaction, instead of a specific charge, it easily could have used broader language indicating as much (*see, e.g.,* CPL 40.10 [2] [defining "criminal transaction" for purposes of double jeopardy provisions of CPL]). In any event, defendant conceded in Supreme Court below that submission of the third-degree possession charge

without judicial authorization would be proper, so long as the undercover's testimony is not used.

The motion court erred in concluding that judicial approval for submission of the possession charge was required because the undercover's testimony regarding the sale, which was relevant to defendant's intent to sell, had previously been "dismissed" by the Grand Jury. The statute does not bar the submission to a Grand Jury of a witness's testimony, or any other evidence, that was previously presented to a Grand Jury and resulted in a no true bill. Although the specific *charge* on which the no true bill was voted would fall within the statute, the underlying evidence would not. As the People argue, the motion court improperly relied on collateral estoppel principles in concluding that the Grand Jury rejected the undercover's testimony (*see, People v Estes*, 202 AD2d 516, 517, *lv denied* 84 NY2d 825 [a Grand Jury determination not to indict is not a final determination that the acts alleged did not occur, and the Grand Jury's dismissal may not be dispositive of the outcome in subsequent proceedings]). Defendant's notion that a Grand Jury witness's testimony becomes forever tainted after a no true bill vote is flawed, since the logic underlying CPL 190.75 (3) is that where judicial authorization is appropriate, resubmission of precisely the same evidence is permitted.

The cases cited by defendant do not require a different result. The Court of Appeals' decision in *People v Wilkins* (68 NY2d 269, *supra*) related to an entirely different situation where the prosecutor withdrew a case from the Grand Jury's consideration shortly before completion, and then resubmitted the same charge without court approval. Recognizing that this scenario presented the same potential for prosecutorial abuse that prompted the adoption of section 270 of the Code of Criminal Procedure, the predecessor statute to CPL 190.75 (3), the *Wilkins* Court ruled that such unauthorized withdrawal must be deemed a dismissal under the statute, and therefore judicial authorization for resubmission was required. *Wilkins* is clearly inapposite, since what constitutes a "dismissal" is not the issue here. Also, *Wilkins* involved resubmission of the identical murder charge, whereas here there are two separate and distinct crimes.

Similarly, *People ex rel. Flinn v Barr* (259 NY 104) involved a situation where a single criminal act resulted in multiple deaths, and the People brought successive Grand Jury presentations without leave of court with respect to different victims. The Court of Appeals held that the latest of the Grand Jury proceedings was prohibited by Code of Criminal Procedure

§ 270, since the negligent act resulting in multiple deaths, namely, the failure to install fire sprinklers in a building, was actually one criminal act. However, the instant case is distinguishable since it did not involve multiple victims, and involved two separate criminal acts.

Accordingly, since the People were not required to obtain judicial approval before submitting the third-degree possession charge to the Grand Jury, the indictment was improperly dismissed. Therefore, we reverse and reinstate said indictment, and remand for further proceedings. Concur—Nardelli, J. P., Lerner, Mazzarelli and Saxe, JJ.