■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v REX D. LASHUA, Respondent. [695 NYS2d 629] —Mercure, J. Appeal from an order of the County Court of Franklin County (Main, Jr., J.), entered January 15, 1999, which granted defendant's motion to dismiss the indictment.

Defendant was charged with the crimes of rape in the first degree, three counts of rape in the third degree and four counts of endangering the welfare of a child stemming from allegations that he engaged in sexual intercourse with his eleven-year-old stepdaughter on several occasions. Defendant moved, *inter alia*, to dismiss the indictment on the ground that the evidence before the Grand Jury was legally insufficient to support the charges as a matter of law. Upon reviewing the Grand Jury minutes, County Court granted the motion in its entirety

but dismissed only the first and fifth counts of the indictment based upon legally insufficient evidence. The remaining counts were dismissed on the ground that an erroneous instruction and certain conduct on the part of the prosecutor constituted defects which impaired the integrity of the Grand Jury proceeding. The People appeal, seeking reinstatement of only those counts dismissed due to defects in the Grand Jury proceeding.

In our view, County Court erred in dismissing these counts based upon alleged defects not raised in defendant's motion to dismiss. It was "defendant's burden to demonstrate, on written notice to the People (see, CPL 210.45 [1]), the existence of defects impairing the integrity of the Grand Jury proceeding and giving rise to a possibility of prejudice * * * Further, orderly procedures require that the People be given the opportunity to address any alleged defects prior to dismissal of an indictment" (People v Santmyer, 255 AD2d 871, 871-872, lv denied 93 NY2d 902; see, CPL 210.45 [2], [6]; People v Parker, 223 AD2d 179, 182-183, lv denied 89 NY2d 927). Because the People were not afforded such an opportunity, the counts must be reinstated.

In any event, our review of the Grand Jury minutes leads us to the conclusion that none of the alleged irregularities cited by County Court sufficiently impaired the integrity of the proceeding so as to create the possibility of prejudice to defendant (see, CPL 210.35 [5]; People v Perry, 199 AD2d 889, lvs denied 83 NY2d 856). Although the People concede that the prosecutor improperly instructed the grand jurors that the facts did not warrant a charge of rape in the second degree, there was no potential for prejudice warranting dismissal of the lesser charge of rape in the third degree because the error inured to defendant's benefit. Moreover, while we agree that the prosecutor injected his opinion of the proof and that the Grand Jury minutes reflect a certain degree of animosity between the prosecutor and the grand jurors, neither gave rise to the possibility of prejudice. The prosecutor's view that there was insufficient evidence of forcible compulsion to support the first degree rape charge favored the defense and the atmosphere of the proceeding clearly stemmed from the grand jurors' dissatisfaction with the prosecutor's refusal to present evidence which, in his discretion, he deemed to be irrelevant (see, People v Gibson [Buchanan], 241 AD2d 772, lvs denied 91 AD2d 870, 873).

Cardona, P. J., Spain, Carpinello and Graffeo, JJ., concur. Ordered that the order is modified, on the law, by reversing so much thereof as granted defendant's motion to dismiss the

second, third, fourth, sixth, seventh and eighth counts of the indictment; said counts reinstated; and, as so modified, affirmed.