■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EARL COLEMAN, Appellant. [773 NYS2d 146]—

Crew III, J. Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered June 7, 2001, upon a verdict convicting defendant of two counts of the crime of criminal sale of a controlled substance in the third degree.

On September 5, 2000, a confidential informant introduced Joseph Tokarz, an agent of the Drug Enforcement Administration, to defendant at a motel located in the Village of Liberty, Sullivan County. Tokarz asked defendant if he could get him cocaine. Defendant responded that he had to make a phone call, after which he told Tokarz it would be about 30 minutes before they could get the cocaine. Thereafter, Tokarz accompanied defendant to a residence on Chestnut Street in Liberty, gave defendant $80 and defendant went into the residence and returned with cocaine.

On September 13, 2000, Tokarz was alone in an unmarked car when he saw defendant at a gas station in Liberty. He stopped and asked if defendant could get him some cocaine. Defendant said that he could but he had to make a phone call. Thereafter, Tokarz and defendant drove to the same Chestnut Street location and defendant went into the residence and returned with cocaine, for which Tokarz paid $160.

Defendant was indicted and charged with two counts of criminal sale of a controlled substance in the third degree. Following a jury trial, defendant was convicted as charged and sentenced, as a persistent felony offender, to concurrent prison terms of 15 years to life. Defendant now appeals.

Defendant's contention that County Court or the District Attorney erred in failing to charge the grand jury as to the agency defense is not preserved for review in that defendant did not raise that issue in his omnibus motion seeking review of the grand jury minutes. Nevertheless, were we to consider defendant's contention, we would find it meritless. It is axiomatic that a district attorney is under no obligation to charge a grand jury as to every conceivable defense suggested by the evidence. Rather he or she must charge only those defenses that the evidence will reasonably support (*see People v Ortiz*, 188 AD2d 389, 390 [1992], *lv denied* 81 NY2d 1017 [1993]). Here, defendant did not testify before the grand jury and, accordingly, there was no evidence before that body indicating that defendant did not stand to profit from the transaction or that he acted merely as an extension of the buyer with no independent desire to promote the transaction.

Regarding defendant's contention that he was the subject of entrapment, we need note only that such defense was not raised

in County Court and may not be raised for the first time on appeal. We find equally unavailing defendant's claim that County Court erred in declining to give a missing witness charge regarding the confidential informant. It is clear that a request for such a charge must be made "as soon as practicable" (*People v Gonzalez*, 68 NY2d 424, 428 [1986]). Here, the request was not made as soon as practicable coming, as it did, just prior to summations. Moreover, when the request ultimately was made, defendant made no showing that the sought-after testimony would be noncumulative and favorable to him (*see id.*). Indeed, such a showing would be impossible as to the second buy inasmuch as the informant was never involved in that transaction.

We also reject defendant's claim that County Court erred in its rulings involving defendant's *Batson* challenges. With regard to the prosecutor's peremptory challenge of the only African-American juror on the panel, the prosecutor explained that he exercised his challenge because the juror previously had telephoned him regarding her boyfriend, who was serving a 30-year to life prison term. Such clearly constituted a race-neutral explanation and nothing in the record suggests that it was pretextual.* We have considered defendant's remaining arguments and find them equally unavailing.

Cardona, P.J., Peters, Spain and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.

---

* Defendant also claims error in the peremptory challenge of juror No. 12. However, defendant concedes in his brief that juror No. 12 was Hispanic and was therefore not a member of defendant's racial group. As stated in defendant's brief: "The people got rid of . . . number 12, a Hispanic woman, like [defendant], a minority, and thereby denied [defendant] the equal protection of the law and a fair trial."