■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v GREGORY COLEMAN, Respondent. [15 NYS3d 696]—

Appeal by the People, as limited by their brief, from so much of an order of the County Court, Rockland County (Thorsen, J.), dated March 4, 2015, as granted that branch of the defendant's omnibus motion which was to dismiss the indictment.

Ordered that the order is reversed insofar as appealed from, on the law, that branch of the defendant's omnibus motion which was to dismiss the indictment is denied, without prejudice to renewal, the indictment is reinstated, and the matter is remitted to the County Court, Rockland County, for further proceedings.

The defendant was charged with rape in the third degree

(Penal Law § 130.25 [3]), criminal sexual act in the third degree (Penal Law § 130.40 [3]), and two counts of sexual misconduct (Penal Law § 130.20 [1], [2]). In an omnibus motion, the defendant sought, inter alia, to dismiss the indictment on the general grounds that the grand jury proceedings were defective and that the charges were not supported by legally sufficient evidence before the grand jury. The County Court, upon its own examination of the grand jury minutes, determined, sua sponte, that there was an issue as to the complainant's testimonial capacity, and dismissed the indictment on the ground that the complainant lacked testimonial capacity.

The County Court erred in dismissing the indictment based upon a specific defect in the grand jury proceedings not raised by the defendant, without affording the People notice of the specific defect and an opportunity to respond. A motion to dismiss an indictment pursuant to CPL 210.20 must be made in writing and upon reasonable notice to the People (*see* CPL 210.45 [1]). Moreover, "orderly procedures require that the People be given the opportunity to address any alleged defects prior to dismissal of an indictment" (*People v Santmyer*, 255 AD2d 871, 872 [1998]; *see People v Lashua*, 264 AD2d 951, 952 [1999]). Because the County Court deprived the People of that opportunity, that branch of the defendant's omnibus motion which was to dismiss the indictment should not have been granted on that ground (*see People v Phipps*, 170 AD2d 220, 221 [1991]; *People v Sullivan*, 142 AD2d 695, 696-697 [1988]; *People v Baez*, 118 AD2d 863, 863 [1986]). Dillon, J.P., Chambers, Austin and Sgroi, JJ., concur.