### Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  January 7, 2016                    106914
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Appellant,
        v                                    MEMORANDUM AND ORDER

FORREST F. GALLO,
                        Respondent.
_____

Calendar Date:  November 19, 2015

Before:  Lahtinen, J.P., McCarthy, Egan Jr., Lynch and
         Devine, JJ.

                        _____


        Stephen K. Cornwell Jr., District Attorney, Binghamton
(Kristen L. Grabowski of counsel), for appellant.

        Torrance L. Schmitz, Vestal, for respondent.

                        _____


Egan Jr., J.

        Appeal from an order of the County Court of Broome County
(Smith, J.), entered May 12, 2014, which granted defendant's
motion to dismiss the indictment.

        In May 2013, defendant was indicted and charged with one
count of criminal sale of marihuana in the second degree.  The
charge stemmed from an incident that occurred in December 2012
when defendant, then a 16-year-old high school student, procured
what he described as an approximately one-half gram bag of
marihuana for a fellow 14-year-old student.  In August 2013,
defense counsel filed an omnibus motion seeking, among other
things, to dismiss the indictment pursuant to CPL 210.30,
contending that the evidence before the grand jury was legally

insufficient to sustain the charged crime.  After reviewing the grand jury minutes, County Court (Lehmann, J.) denied defendant's motion to dismiss the indictment.

Defendant waived his right to a jury trial and, when the parties appeared before County Court (Smith, J.) in May 2014 for the scheduled bench trial,[1] defense counsel raised the issue of the People's failure to instruct the grand jury as to an agency defense.  County Court asked defense counsel to submit a formal motion and, following receipt of the parties' respective submissions, County Court granted defendant's motion and dismissed the indictment as defective within the meaning of CPL 210.35 (5) — with leave for the People to re-present the matter to another grand jury within 30 days.  This appeal by the People ensued.

The People initially contend that County Court erred in reinspecting the grand jury minutes to determine whether, due to the People's failure to instruct the grand jury as to the defense of agency, the underlying proceeding was defective — contending that Judge Lehmann's initial ruling as to the sufficiency of the grand jury proceedings constituted the law of the case.  We disagree.  Although this "judicially crafted policy" is applicable to criminal matters (People v Evans, 94 NY2d 499, 503-504 [2000]), we find that its application is not warranted here.  Defendant's omnibus motion indeed requested, among other things, that Judge Lehmann review the instructions given to the grand jury "as potentially being misleading and inconsistent with the law."  However, the crux of defendant's initial motion — brought pursuant to CPL 210.30 (3) — was addressed to the legal sufficiency of the evidence before the grand jury.  Defendant's subsequent motion relative to the People's failure to charge the grand jury as to an agency defense — brought pursuant to CPL 210.35 (5) — contended that the grand jury proceeding itself was defective for "fail[ing] to conform to the requirements of [CPL article 190] to such degree that the integrity thereof [was] impaired and prejudice to the defendant may [have] result[ed]"

---

[1]  This matter was transferred to Judge Smith following Judge Lehmann's retirement.

(CPL 210.35 [5]).  Given that defendant's respective motions were brought pursuant to — and ultimately resolved under — decidedly different statutes, we do not find that County Court abused its discretion in declining to apply the law of the case doctrine to this matter.

Turning to the merits, while there is no requirement that the grand jury "be charged with every potential defense suggested by the evidence" (People v Valles, 62 NY2d 36, 38 [1984]), the People "must charge . . . those defenses that the evidence will reasonably support" (People v Coleman, 4 AD3d 677, 678 [2004], lvs denied 2 NY3d 797 [2004], 3 NY3d 672 [2004]; accord People v Angona, 119 AD3d 1406, 1407 [2014], lv denied 25 NY3d 987 [2015]).  As this Court recently reiterated, "[u]nder the agency doctrine, a person who acts solely as the agent of a buyer in procuring drugs for the buyer is not guilty of selling the drug to the buyer, or of possessing it with intent to sell it to the buyer.  Whether the defendant was a seller, or merely a purchaser doing a favor for a friend, is generally a factual question [to be resolved] . . . based upon [considerations of] factors such as the relationship between the buyer and the defendant, who initiated the transaction, whether the defendant had previously engaged in drug transfers and whether he or she profited from the sale" (People v Kramer, 118 AD3d 1040, 1041-1042 [2014] [internal quotation marks and citations omitted]).

Here, the testimony before the grand jury revealed that the buyer — having been told by her stepbrother that it "was cool to try" marihuana — asked a friend where she could make such a purchase; the friend, in turn, pointed to defendant, the latter of whom apparently "was kind of friends" with the buyer's stepbrother.  The buyer then approached defendant, gave him $10 to buy marihuana and was told to "come pick it up fifth period." When asked by the Assistant District Attorney how she knew to provide this specific sum of money, the buyer replied, "My [step]brother just said, get $10."  The buyer and her stepbrother thereafter met defendant to retrieve the drugs.  Because the buyer did not know how to do "a handoff," her stepbrother and defendant "did some like weird handshake thing," following which the buyer's stepbrother handed the drugs to the buyer.  In addition to the buyer's testimony, the grand jury reviewed

defendant's written statement, wherein defendant admitted that he was approached by the buyer and, at her request, procured marihuana "and gave it to her after fifth period." As to the amount of money that he received from the buyer, defendant indicated in his written statement that the buyer gave him $11 and that he, in turn, paid $10 for the marihuana. However, the buyer testified that she gave defendant $10 to purchase marihuana, and the assistant principal who questioned defendant following the underlying transaction testified that defendant told her that he was given $10 by the buyer in order to purchase marihuana. No further inquiry was made regarding the apparent inconsistency between defendant's written statement and the testimony before the grand jury on this point.

Upon reviewing the record, we agree with County Court that the evidence before the grand jury reasonably supported the defense of agency; hence, the People's failure to instruct the grand jury in this regard rendered that proceeding defective — particularly in view of the fact that the People were on notice of this potential defense prior to the commencement thereof. There is no question that it was the buyer who initiated the sale and, given the relationship between defendant and the buyer's stepbrother, the evidence reasonably suggested that defendant was doing a favor for the stepsister of one of his friends. Additionally, none of the testimony offered before the grand jury revealed that defendant had a prior history of drug sales, and the evidence that defendant profited from the subject transaction was tenuous at best. Under these circumstances, County Court properly granted defendant's motion to dismiss the indictment under CPL 210.35 (5) (compare People v Coleman, 4 AD3d at 678; People v Walker, 265 AD2d 835, 835-836 [1999], lv denied 94 NY2d 831 [1999]; People v Ortiz, 188 AD2d 389, 390 [1992], lv denied 81 NY2d 1017 [1993]).

Lahtinen, J.P., McCarthy, Lynch and Devine, JJ., concur.

ORDERED that the order is affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court