■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DANIEL CRUZ, Respondent. [41 NYS3d 525]—

Appeal by the People, as limited by their brief, from so much of an order of the County Court, Rockland County (Thorsen, J.), entered August 17, 2015, as granted that branch of the defendant's omnibus motion which was to dismiss the indictment.

Ordered that the order is reversed insofar as appealed from, on the law, that branch of the defendant's omnibus motion which was to dismiss the indictment is denied, the indictment is reinstated, and the matter is remitted to the County Court, Rockland County, for further proceedings.

The defendant was charged with two counts each of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) and criminal possession of a controlled substance

in the third degree (Penal Law § 220.16 [1]). In an omnibus motion, the defendant sought, inter alia, to dismiss the indictment on the grounds that the grand jury proceedings were defective and that the charges were not supported by legally sufficient evidence. The County Court, upon its own examination of the grand jury minutes, determined, sua sponte, that the evidence presented to the grand jury entitled the defendant to an instruction on the defense of agency, and dismissed the indictment for the People's failure to give the charge.

The County Court erred in dismissing the indictment based upon a specific defect in the grand jury proceedings not raised by the defendant, without affording the People notice of the specific defect and an opportunity to respond (*see* CPL 210.45 [1]; *People v Coleman*, 131 AD3d 705, 706 [2015]). Contrary to the defendant's contention, the People did not waive their right to notice and an opportunity to be heard by failing to move to reargue the court's order (*see e.g. People v Jennings*, 69 NY2d 103 [1986]). Furthermore, upon our review of the record, we find that no reasonable view of the evidence presented to the grand jury warrants an instruction on the defense of agency (*see People v Herring*, 83 NY2d 780 [1994]; *People v Lancaster*, 69 NY2d 20 [1986]; *People v Valles*, 62 NY2d 36 [1984]). The defendant's actions were consistent with that of a "steerer," and not a mere extension of the buyer (*see People v Herring*, 83 NY2d 780 [1994]; *People v Coleman*, 4 AD3d 677 [2004]; *cf. People v Gallo*, 135 AD3d 982 [2016]; *People v Bethea*, 73 AD2d 920 [1980]). In addition, because the defendant did not testify before the grand jury, no evidence was presented indicating that he did not stand to profit from the sale or that he had no independent desire to promote the transaction (*see People v Coleman*, 4 AD3d at 677; *People v Burden*, 288 AD2d 821 [2001]).

Accordingly, the County Court erred in granting that branch of the defendant's omnibus motion which was to dismiss the indictment. Dillon, J.P., Dickerson, Duffy and Connolly, JJ., concur.