■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JEFFREY FULLER, Respondent. [42 NYS3d 869]—

Appeal by the People, as limited by their brief, from so much of an order of the County Court, Rockland County (Thorsen, J.), dated August 13, 2015, as granted that branch of the defendant's omnibus motion which was to dismiss the indictment.

Ordered that the order is reversed insofar as appealed from, on the law, that branch of the defendant's omnibus motion which was to dismiss the indictment is denied, without prejudice to renewal, the indictment is reinstated, and the matter is remitted to the County Court, Rockland County, for further proceedings.

The defendant was charged with two counts of attempted assault in the first degree (Penal Law §§ 110.00, 120.10 [1]), two counts of assault in the second degree (Penal Law § 120.05 [2]), and two counts of criminal possession of a weapon in the third degree (Penal Law § 265.02 [1]). In an omnibus motion, the defendant moved, inter alia, to dismiss the indictment on the general grounds that the grand jury proceedings were defective and that the charges were not supported by legally sufficient evidence. The County Court, upon its own examination of the grand jury minutes, determined that the prosecutor was required to instruct the grand jury on the defense of justification, and dismissed the indictment due to the prosecutor's failure to give that instruction.

The County Court erred in dismissing the indictment based upon a particular defect, without affording the People notice of

the specific defect and an opportunity to respond. "[O]rderly procedures require that the People be given the opportunity to address any alleged defects prior to dismissal of an indictment" (*People v Santmyer*, 255 AD2d 871, 872 [1998]; *see People v Lashua*, 264 AD2d 951, 952 [1999]). Because the court deprived the People of that opportunity, that branch of the defendant's omnibus motion which was to dismiss the indictment should not have been granted on that ground (*see People v Coleman*, 131 AD3d 705, 706 [2015]; *People v Phipps*, 170 AD2d 220, 221 [1991]; *People v Baez*, 118 AD2d 863, 863 [1986]).

Upon remittal, the County Court should provide both parties with notice of the basis upon which it determined that the prosecutor was required to instruct the grand jury on the defense of justification. Thereafter, the defendant may, if he be so advised, renew that branch of his omnibus motion which was to dismiss the indictment. Rivera, J.P., Chambers, Roman and LaSalle, JJ., concur.