■ The People of the State of New York, Appellant, v Vivian Wu, Respondent. [59 NYS3d 121]—

Appeal by the People, as limited by their brief, from so much of an order of the County Court, Rockland County (Thorsen, J.), entered August 13, 2015, as granted that branch of the defendant's omnibus motion which was to dismiss the indictment.

Ordered that the order is reversed insofar as appealed from, on the law, that branch of the defendant's omnibus motion which was to dismiss the indictment is denied, the indictment is reinstated, and the matter is remitted to the County Court, Rockland County, for further proceedings on the indictment.

On February 12, 2015, a man and a woman broke into the home of the complainant, while she was home, and stole her cell phone and iPod. Thereafter, the complainant, another eyewitness, and several police officers testified before the grand jury. The complainant testified that she identified the defendant in a show-up identification procedure. A police officer testified that the complainant identified the defendant in a show-up identification procedure, and that the defendant was placed under arrest upon that identification.

In an omnibus motion, the defendant moved, inter alia, for

an examination of the grand jury minutes and to dismiss the indictment. Regarding that branch of the motion which was to dismiss the indictment, the defendant argued that the evidence was legally insufficient and that the grand jury proceeding was defective due to the admission of inadmissible hearsay evidence. The County Court granted that branch of the defendant's motion, finding, inter alia, that the grand jury proceeding was defective because the police officer's testimony implicitly bolstered the complainant's identification of the defendant. The People appeal from so much of the order as granted that branch of the defendant's omnibus motion which was to dismiss the indictment.

In granting the subject branch of the defendant's motion, the County Court relied upon a ground that was not argued by the defendant. In doing so, it erred in dismissing the indictment based upon a specific alleged defect in the grand jury proceedings not raised by the defendant, without affording the People notice of that alleged defect and an opportunity to respond (*see* CPL 210.45 [1]; *People v Fuller*, 145 AD3d 1086, 1086 [2016]; *People v Cruz*, 144 AD3d 937, 938 [2016]; *People v Coleman*, 131 AD3d 705, 706 [2015]). In any event, upon our review of the record, the police officer's purported improper bolstering testimony did not warrant dismissal of the indictment. In view of the admissible proof supporting the indictment, no prejudice to the defendant could have resulted, since the grand jury proceeding did not fail to conform to the requirements of CPL article 190 to such a degree that the integrity thereof was impaired (*see* CPL 190.65 [1]; 210.35 [5]; *People v Hansen*, 95 NY2d 227, 233 [2000]; *People v Huston*, 88 NY2d 400, 409 [1996]; *People v Jennings*, 69 NY2d 103, 114 [1986]; *People v Avant*, 33 NY2d 265, 271 [1973]; *People v Kappen*, 142 AD3d 1106, 1106 [2016]; *People v Simon*, 101 AD3d 908, 909 [2012]; *People v Miles*, 76 AD3d 645, 645 [2010]; *People v Read*, 71 AD3d 1167, 1168 [2010]). Accordingly, the court should have denied that branch of the defendant's omnibus motion which was to dismiss the indictment. Dillon, J.P., Cohen, Duffy and Connolly, JJ., concur.