People v Ghe Whi Ng (2023 NY Slip Op 51410(U))

[*1]

People v Ghe Whi Ng (Randy)

2023 NY Slip Op 51410(U)

Decided on December 20, 2023

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 20, 2023
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : WAVNY TOUSSAINT, P.J., MARINA CORA MUNDY, LISA S. OTTLEY, JJ

2021-565 Q CR

The People of the State of New York, Appellant,
against
Randy Ghe Whi Ng, Respondent. 

Queens County District Attorney (Johnnette Traill, John M. Castellano, Nancy Fitzpatrick Talcott and Sharon Y. Brodt of counsel), for appellant.
Varghese & Associates, P.C. (Vinoo P. Varghese), for respondent.

Appeal from an order of the Criminal Court of the City of New York, Queens County (Denise N. Johnson, J.), dated June 17, 2021. The order granted defendant's motion to dismiss the accusatory instrument on statutory speedy trial grounds.

ORDERED that the order is reversed, on the law, defendant's motion to dismiss the accusatory instrument on statutory speedy trial grounds is denied, the accusatory instrument is reinstated, and the matter is remitted to the Criminal Court for all further proceedings.
Insofar as is relevant to this appeal, on October 11, 2019, defendant was charged in an accusatory instrument with forcible touching (Penal Law § 130.52 [1]), endangering the welfare of a child (Penal Law § 260.10 [1]), sexual abuse in the third degree (Penal Law § 130.55), and harassment in the second degree (Penal Law § 240.26 [1]). The matter was adjourned for the People to file supporting depositions. On December 20, 2019, the People filed a superseding accusatory instrument, supporting depositions, and a statement of readiness (SoR). At a January 13, 2020 calendar call, the People handed up a certificate of compliance (see CPL 245.50 [1]) and stated on the record that they were ready for trial.
By notice of motion dated April 29, 2021, defendant moved to dismiss the accusatory instrument on statutory speedy trial grounds. Defendant argued that the superseding accusatory instrument, supporting depositions, and SoR had been served on defendant but not filed with the court on December 20, 2019; that, therefore, the December 20th SoR did not stop the speedy trial clock; and that the People were chargeable with the 94-day period from October 11, 2019, the date the original accusatory instrument was filed, to January 13, 2020, the date the People stated ready on the record. On June 17, 2021, the Criminal Court (Denise N. Johnson, J.) granted defendant's motion. The court found that the People had filed the superseding accusatory instrument, supporting depositions, and SoR on December 20, 2019 and that, therefore, the [*2]December 20th SoR had stopped the speedy trial clock. The court then found that the speedy trial clock began running again on January 1, 2020, the effective date of various amendments to the CPL, including CPL 30.30 (5-a); that the People were therefore chargeable with the 12-day period from January 1 to 13, 2020; that the People's January 13, 2020 SoR was invalid because it lacked a CPL 30.30 (5-a) certification of the facial sufficiency of the accusatory instrument; and that the People had therefore exceeded the 90 days allotted to them to be ready for trial on an accusatory instrument with a top charge of a class A misdemeanor (see CPL 30.30 [1] [b]; see also People v Lomax, 50 NY2d 351, 356 [1980]).
The Criminal Court erred in dismissing the accusatory instrument pursuant to CPL 30.30 (5-a), which ground was not raised by defendant in his motion, without affording the People notice of the CPL 30.30 (5-a) issue and an opportunity to respond (see CPL 170.45, 210.45 [1]; People v Wu, 152 AD3d 802, 803 [2017]; People v Santmyer, 255 AD2d 871, 871-872 [1998]; People v Phipps, 170 AD2d 220, 220-221 [1991]; People v Sibanyoni, 55 Misc 3d 143[A], 2017 NY Slip Op 50626[U] [App Term, 1st Dept 2017]). Morever, defendant did not argue in his motion that the People were chargeable with any post-January 13, 2020 time. Consequently, it was error for the Criminal Court to charge the People with post-January 13th time. Subtracting this period from the time charged to the People leaves 82 days, which is within the 90-day statutory limit. Consequently, defendant's motion should have been denied.
Accordingly, the order is reversed and defendant's motion to dismiss the accusatory instrument on statutory speedy trial grounds is denied, the accusatory instrument is reinstated, and the matter is remitted to the Criminal Court for all further proceedings.
The decision and order of this court dated September 8, 2023 (2023 NY Slip Op 23357) is hereby recalled and vacated (see motion decided simultaneously herewith).
TOUSSAINT, P.J., MUNDY and OTTLEY, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 20, 2023