(September 27, 2007)

█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD RIVERS, Appellant. [842 NYS2d 611]—

Carpinello, J. Appeal from an order of the County Court of Schenectady County (Drago, J.), rendered June 29, 2006, which denied defendant's application to be resentenced under the Drug Law Reform Act of 2004.

In 1989, defendant was convicted after a jury trial of criminal possession of a controlled substance in the first degree and was sentenced to 20 years to life in prison. His conviction and sentence were affirmed by this Court on appeal (169 AD2d 883 [1991], *lv denied* 77 NY2d 999 [1991]). In April 2005, he made an application to be resentenced under the Drug Law Reform Act of 2004 (L 2004, ch 738 [hereinafter the DLRA]). Following a hearing, County Court denied his application. He now appeals.

The DLRA provides that, in reviewing an application for resentencing, the court may consider "any facts or circumstances relevant to the imposition of a new sentence which are submitted by [the defendant] or the people and may, in addition, consider the institutional record of confinement of [the defendant]" (L 2004, ch 738, § 23). Notably, the court is vested with the discretion to deny an application for resentencing if "substantial justice dictates that the application should be denied" (L 2004, ch 738, § 23; *see People v Vasquez*, 41 AD3d

111 [2007], *lv dismissed* 9 NY3d 870 [2007]; *People v Salcedo*, 40 AD3d 356 [2007], *lv denied* 9 NY3d 850 [2007]). In the case at hand, evidence was presented at the hearing establishing that defendant has had a significant number of prison disciplinary violations while incarcerated, as well as a fairly lengthy criminal record predating the conviction for which he is seeking resentencing. As noted by County Court, defendant did not freely admit his guilt of either the criminal acts or the disciplinary violations during the course of the proceedings. Consequently, notwithstanding defendant's considerable educational and vocational accomplishments and his opportunity for employment upon release, we agree with County Court that resentencing was not warranted under the circumstances presented.

Mercure, J.P., Peters, Spain and Mugglin, JJ., concur. Ordered that the order is affirmed.