■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR LA PORTE, Appellant. [863 NYS2d 113]—

Kane, J. Appeal from an order of the County Court of Schenectady County (Drago, J.), entered April 4, 2006, which denied defendant's application to be resentenced under the Drug Law Reform Act of 2004.

In 2003, pursuant to a plea of guilty to criminal possession of a controlled substance in the first degree, defendant was sentenced to 15 years to life in prison. His conviction and sentence were affirmed by this Court on appeal (31 AD3d 800 [2006], lv denied 7 NY3d 849 [2006]). In March 2005, defendant made an application to be resentenced under the Drug Law

Reform Act of 2004 (L 2004, ch 738). Following a hearing, County Court denied his application and he now appeals.

Section 23 of the Drug Law Reform Act of 2004 provides, in pertinent part, that the court should grant a resentencing application "unless substantial justice dictates that the application should be denied" (*see People v Rivers*, 43 AD3d 1247, 1247-1248 [2007], *lv dismissed* 9 NY3d 993 [2007]; *People v Vasquez*, 41 AD3d 111, 111 [2007], *lv dismissed* 9 NY3d 870 [2007]). Here, we find that County Court providently exercised its discretion. Defendant was arrested with approximately 45 pounds of cocaine that he had purportedly stolen from a drug dealer for whom he worked, and had a significant criminal history dating back to 1993, which included convictions in multiple states. After appropriately considering defendant's presentence investigation reports, as well as several exhibits submitted by defendant including his prison disciplinary history, the court expressly stated that defendant was eligible to be considered for resentencing and placed the reasons for its denial of his application on the record (*see People v Morales*, 46 AD3d 1395, 1396 [2007], *lv dismissed* 10 NY3d 768 [2008]; *People v Vasquez*, 41 AD3d at 111). As such, we find no basis for disturbing the court's determination that resentencing was not warranted.

Mercure, J.P., Rose, Malone Jr. and Kavanagh, JJ., concur. Ordered that the order is affirmed.