■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAURENCE GREGORY, Appellant. [914 NYS2d 655]—

Appeal by the defendant from an order of the County Court, Nassau County (Calabrese, J.), entered November 4, 2009, which, without a hearing, denied his motion for resentencing pursuant to CPL 440.46 on his convictions of criminal possession of a controlled substance in the third degree, criminal possession of a weapon in the third degree, and criminal possession of a controlled substance in the seventh degree, which sentence was originally imposed by the same court, upon a jury verdict, on November 2, 2001.

Ordered that the order is affirmed.

In 2001 the defendant was convicted, upon a jury verdict, of criminal possession of a controlled substance in the third degree, criminal possession of a weapon in the third degree, and criminal possession of a controlled substance in the seventh degree. He was sentenced, as a persistent felony offender, to concurrent indeterminate terms of 15 years to life imprisonment for criminal possession of a controlled substance in the third degree, 15 years to life imprisonment for criminal possession of a weapon in the third degree, and one year imprisonment for criminal possession of a controlled substance in the seventh degree. In 2009 the defendant moved for resentencing pursuant to CPL 440.46. The County Court denied his motion, without a hearing, finding that he was ineligible for resentencing. We affirm.

The Drug Law Reform Act of 2009 (L 2009, ch 56, part AAA, § 9), as codified in CPL 440.46, extends to certain eligible individuals in the custody of the Department of Correctional

Services who were convicted of a class B felony offense defined in Penal Law article 220 committed prior to January 13, 2005, the opportunity to seek a resentence. Significantly, the provisions of CPL 440.46 "shall not apply to any person who is serving a sentence on a conviction for . . . an exclusion offense" (CPL 440.46 [5]). As relevant to the instant appeal, CPL 440.46 (5) defines an "exclusion offense" as "any other offense for which a merit time allowance is not available pursuant to [Correction Law § 803 (1) (d) (ii)]." In turn, Correction Law § 803 (1) (d) (ii) provides, in pertinent part, that a "merit time allowance shall not be available to any person serving an indeterminate sentence *authorized for* an A-I felony offense" (emphasis added). Since the defendant is serving an indeterminate sentence "authorized for" an A-I felony offense with regard to his conviction for criminal possession of a weapon in the third degree (*see* Penal Law § 70.00 [2], [3] [a] [i]), he is not eligible for a merit time allowance, and therefore, does not fall within the class of inmates eligible for resentencing pursuant to CPL 440.46.

In light of our determination, the defendant's remaining contentions need not be reached. Mastro, J.P., Rivera, Austin and Roman, JJ., concur.