■ The People of the State of New York, Respondent, v Gerald L. Carpenter, Appellant. [926 NYS2d 836]—

Garry, J.

Defendant was convicted in 2005 of criminal possession of a controlled substance in the third degree and was sentenced to 10 to 20 years in prison. His conviction and sentence were affirmed by this Court on appeal (*People v Carpenter*, 51 AD3d 1149 [2008], *lv denied* 11 NY3d 786 [2008]). Defendant subsequently moved to be resentenced pursuant to CPL 440.46. Following a hearing, County Court denied the motion and defendant now appeals.

We affirm. Upon determining that a defendant is eligible for resentencing pursuant to CPL 440.46, a court shall determine the appropriate determinate sentence "unless substantial justice dictates that the application should be denied" (L 2004, ch 738, § 23; *see* CPL 440.46 [3]). To the extent that any weight was afforded to this Court's previous denial of defendant's claim that his sentence was harsh and excessive (51 AD3d at 1151), this was error. However, the court placed the reasons for its determination on the record and appropriately considered the relevant factors, including defendant's criminal and disciplinary history,

the circumstances underlying his conviction and original sentence, and his accomplishments while incarcerated. Accordingly, we find no basis to disturb the denial of defendant's motion for resentencing (*see People v La Porte*, 53 AD3d 984, 985 [2008]; *People v Rivers*, 43 AD3d 1247, 1247-1248 [2007], *lv dismissed* 9 NY3d 993 [2007]).

Mercure, J.P., Spain, Kavanagh and Egan Jr., JJ., concur. Ordered that the order is affirmed.