■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS PETERSON, Appellant. [930 NYS2d 497]—

Peters, J.P.

In 1997, defendant was convicted of criminal sale of a controlled substance in the third degree and sentenced to 10 to 20 years in prison. In 2010, defendant made an application to be resentenced under the Drug Law Reform Act of 2009. Following a hearing, County Court denied defendant's application. Defendant now appeals.

The Drug Law Reform Act provides, in relevant part, that eligible defendants shall be resentenced unless, upon consideration of all relevant factors, "substantial justice dictates that the application should be denied" (L 2004, ch 738, § 23; see CPL 440.46 [3]; *People v La Porte*, 53 AD3d 984, 985 [2008]). County Court is vested with discretion to determine whether substantial justice dictates denial of a defendant's application for resentencing (see *People v La Porte*, 53 AD3d at 985; *People v Rivers*, 43 AD3d 1247, 1247 [2007], *lv dismissed* 9 NY3d 993 [2007]). We find that the court providently exercised its discretion and did not, as defendant contends, inappropriately shift the burden of proof (see *People v Colon*, 77 AD3d 849, 850 [2010], *lv denied* 15 NY3d 952 [2010]; *People v La Porte*, 53 AD3d at 985; *People v Rivers*, 43 AD3d at 1247; *compare People v Beasley*, 47 AD3d 639, 640 [2008]). The court appropriately considered defendant's positive institutional disciplinary record and participation in programs, but also noted that defendant has a significant criminal history linked to his involvement with drugs, including a conviction of manslaughter in the first degree. Moreover, the record reflects that defendant was on parole on a drug-related offense when he committed the present offense. Given these circumstances, we find no basis upon which to disturb the court's determination that resentencing was not warranted (see *People v Rivera*, 84 AD3d 980 [2011]; *People v La Porte*, 53 AD3d at 985; *People v Rivers*, 43 AD3d at 1247).

Rose, Lahtinen, McCarthy and Garry, JJ., concur. Ordered that the order is affirmed.