[970 NYS2d 329]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EARL COLEMAN, Appellant.

Third Department, August 1, 2013

**APPEARANCES OF COUNSEL**

*Jane M. Bloom*, Monticello, for appellant.

*James R. Farrell, District Attorney*, Monticello (*Bonnie M. Mitzner* of counsel), for respondent.

**OPINION OF THE COURT**

PETERS, P.J.

Following a jury trial held in 2001, defendant was convicted of two counts of criminal sale of a controlled substance in the third degree and sentenced as a persistent felony offender to an aggregate prison term of 15 years to life (4 AD3d 677, 678 [2004], *lvs denied* 2 NY3d 797 [2004], 3 NY3d 672 [2004]).[1] After County Court initially denied defendant's motion for resentencing seeking a reduced determinate sentence under the Drug Law Reform Act of 2009 (*see* L 2009, ch 56, § 1, part AAA, § 9, as codified, in relevant part, in CPL 440.46), this Court remitted the matter for the purpose of ensuring that defendant's right to counsel was adequately addressed (83 AD3d 1223 [2011]). Upon remittal, defendant was assigned counsel and, upon consideration of his ensuing resentencing motion, County Court denied the application, finding that defendant was ineligible for resentencing because he was sentenced as a persistent felony offender. Defendant now appeals.

Mindful of the "necessarily broad remedial objectives" of this legislation and that we must interpret such remedial legislation expansively in order to effectuate its goals (*People v Sosa*, 18 NY3d 436, 442 [2012]), we find that defendant is eligible to apply for resentencing. CPL 440.46 affords certain individuals convicted of class B drug felonies an opportunity to apply for resentencing (*see id.* at 438). As is relevant here, CPL 440.46 provides:

"Any person in the custody of the department of corrections and community supervision convicted of a class B felony offense defined in [Penal Law article 220] which was committed prior to January [13, 2005] . . . may, except as provided in subdivision five of this section, . . . apply to be resentenced to a determinate sentence in accordance with [Penal Law §§ ] 60.04 and 70.70 . . . in the court which imposed the sentence" (CPL 440.46 [1]).[2]

---

**1.** Defendant's previous felony offenses were for nonviolent felonies and were merit time eligible.

**2.** Although this provision was amended in 2011 in order to replace the former Department of Correctional Services with the present Department of

Insofar as defendant is currently in the custody of the Department of Corrections and Community Supervision pursuant to convictions upon two class B controlled substance offenses, he is eligible to apply for resentencing unless he falls within one of the exceptions set forth in CPL 440.46 (5). That provision excludes "any person who is serving a sentence on a conviction for or has a predicate felony conviction for an exclusion offense" (CPL 440.46 [5]). An "exclusion offense" is defined, in pertinent part, as "a violent felony offense . . . or . . . any other offense for which a merit time allowance is not available pursuant to [Correction Law § 803 (1) (d) (ii)]" (CPL 440.46 [5] [a] [i], [ii]).

Although defendant, having been sentenced pursuant to his drug offense convictions as a persistent felony offender, is serving a *sentence* that would preclude him from earning merit time pursuant to Correction Law § 803 (*see* Correction Law § 803 [1] [d] [ii]; Penal Law § 70.10 [2]), he was not convicted of an "*offense* for which a merit time allowance is not available" (CPL 440.46 [5] [a] [ii] [emphasis added]; *see* Penal Law §§ 10.00 [1]; 220.39). This distinction is significant. The Penal Law states:

> " 'Offense' means conduct for which a sentence to a term of imprisonment or to a fine is provided by any law of this state or by any law, local law or ordinance of a political subdivision of this state, or by any order, rule or regulation of any governmental instrumentality authorized by law to adopt the same" (Penal Law § 10.00 [1]).

Defendant's offense and his sentence are thus two separate components that we decline to conflate for purposes of depriving an otherwise eligible person of the benefits of the remedial legislation that we are tasked with interpreting here. To the extent that the Second Department held to the contrary in *People v Gregory* (80 AD3d 624 [2011], *lv denied* 17 NY3d 806 [2011]), we decline to follow that case. Accordingly, we find that defendant is eligible to apply for resentencing pursuant to the Drug Law Reform Act of 2009, and County Court erred in denying defendant's motion.

With regard to defendant's claim that "substantial justice" requires resentencing, we note that County Court is vested with the discretion to make that determination (*see People v Peterson*, 88 AD3d 1026, 1027 [2011]), and we remit this matter to

Corrections and Community Supervision (*see* L 2011, ch 62, § 1, part C, § 1, subpart B, § 79), this amendment is of no consequence here.

that court to pass upon the issue in the first instance. Defendant's remaining claim has been rendered academic by our determination.

STEIN, J. (dissenting). Because I am of the view that the plain reading of CPL 440.46 renders defendant ineligible for resentencing, I respectfully dissent. As the majority notes, CPL 440.46 (5) expressly excludes from eligibility for resentencing "any person who is serving a sentence on a conviction for . . . an exclusion offense." The issue before us is whether defendant is such a person. In making that determination, I begin with the definition of "exclusion offense" in CPL 440.46 (5), which includes, as relevant here, "any . . . offense for which a merit time allowance is not available pursuant to [Correction Law § 803 (1) (d) (ii)]" (CPL 440.46 [5] [a] [ii]). In turn, Correction Law § 803 (1) (d) (ii) provides that a "merit time allowance shall not be available to any person serving an indeterminate sentence authorized for an A-I felony offense . . . or any sentence imposed for a violent felony offense as defined in [Penal Law § 70.02] [or other specified offenses]."

Here, it is undisputed that defendant, having been sentenced as a persistent felony offender upon his convictions for criminal sale of a controlled substance in the third degree, is serving indeterminate sentences authorized for an A-I felony offense (*see* Penal Law § 70.00 [2] [a]; [3] [a] [i]). Accordingly, in my view, defendant is unquestionably serving a sentence on a conviction for an "exclusion offense"—that is, an offense for which a merit time allowance is not available (*see* CPL 440.46 [5] [a] [ii])—and is therefore ineligible for resentencing under the Drug Law Reform Act (*see People v Gregory*, 80 AD3d 624, 624-625 [2011], *lv denied* 17 NY3d 806 [2011]).

While I do not dispute the remedial nature of the resentencing law or that defendant, arguably, *should be* entitled to consideration for resentencing, I am not persuaded by the majority's strained interpretation of CPL 440.46. In my view, the statute does not encompass defendant, and it is the province of the Legislature to amend the law to achieve that outcome, if so desired. It appears that the majority views the reference in CPL 440.46 (5) (a) (ii) to Correction Law § 803 (1) (d) (ii) as being limited to persons convicted of the offenses listed in the latter statute (i.e., a violent felony offense, manslaughter, vehicular manslaughter, criminally negligent homicide) and misreads the statutory language in attempting to distinguish between an "offense" and a "sentence."

In defining the term "exclusion offense," CPL 440.46 (5) clearly references Correction Law § 803 (1) (d) (ii) without limitation. Reading Correction Law § 803 (1) (d) (ii) in its entirety, it is apparent that exclusion from eligibility for a merit time allowance is based upon whether the sentence imposed for the offense of which the defendant was convicted is either an indeterminate sentence *authorized for* an A-I felony offense (subject to a specified exception) *or* a sentence *imposed for* a violent felony offense or for one of the other enumerated offenses. Stated otherwise, that statute broadly defines merit time eligibility in terms of the particular sentence imposed, regardless of the specific offense of which the defendant was convicted. In my view, if an "exclusion offense" was only intended to encompass specified offenses, the Legislature would have expressly delineated such offenses in CPL 440.46, and the majority's interpretation herein ignores and renders meaningless the unconditional reference therein to Correction Law § 803 (1) (d) (ii).

In light of the foregoing, I conclude that, inasmuch as defendant is serving an indeterminate sentence authorized for an A-I felony offense based upon the offense of which he was convicted, such offense constitutes an exclusion offense for which resentencing under CPL 440.46 is unavailable to defendant. I would, therefore, affirm County Court's order.

LAHTINEN and GARRY, JJ., concur with PETERS, P.J.; STEIN, J., dissents in a separate opinion.

Ordered that the order is reversed, on the law, and matter remitted to the County Court of Sullivan County for further proceedings not inconsistent with this Court's decision.