Spain, J.
Appeal from an order of the County Court of Chemung County (Hayden, J.), entered August 17, 2010, which *1347 denied defendant’s motion for resentencing pursuant to CPL 440.46.
Defendant was convicted in 2001 of three counts of criminal sale of a controlled substance in the third degree and one count each of criminal possession of a controlled substance in the third and fourth degrees. He was sentenced as a second felony offender to four prisons terms of 12V2 to 25 years in prison and one term of to 15 years in prison, all to run concurrently. The conviction was upheld on appeal (People v Lee, 303 AD2d 839 [2003], lv denied 100 NY2d 622 [2003]).
In 2009, defendant moved for resentencing pursuant to CPL 440.46. County Court denied the motion on the ground that defendant’s 1998 conviction for the violent felony of attempted criminal possession of a weapon in the third degree (see Penal Law former § 265.02 [4]) rendered him “clearly ineligible” for resentencing pursuant to CPL 440.46 (5) (a). However, as the People now concede, the court’s calculation of the relevant 10-year look back period specified in that subsection was incorrect, as established by decisions issued subsequent to the court’s order herein (see People v Sosa, 18 NY3d 436 [2012]), and defendant is, in fact, eligible for resentencing. Accordingly, the matter must be remitted so that County Court may consider the relevant factors and either determine the appropriate sentence or place its findings of fact and reasons for denying the motion on the record (see L 2004, ch 738, § 23; People v Carpenter, 86 AD3d 721, 721-722 [2011]). While the People contend that the court, in fact, exercised its discretion in concluding — in the alternative — that “substantial justice would not be served by a re-sentencing in this particular case,” the court cited only defendant’s “legal history,” and its decision does not sufficiently reflect either the reasons for its determination or that it considered the relevant factors (see id.). Defendant’s remaining contentions have been rendered academic.
Peters, P.J., Stein and McCarthy, JJ., concur. Ordered that the order is reversed, on the law, and matter remitted to the County Court of Chemung County for further proceedings not inconsistent with this Court’s decision.