==================================================================
This opinion is uncorrected and subject to revision before
publication in the New York Reports.
------------------------------------------------------------------
No. 152
The People &c.,
          Appellant,
        v.
Earl Coleman,
          Respondent.


          James R. Farrell, for appellant.
          Jane M. Bloom, for respondent.


ABDUS-SALAAM, J.:

          The Drug Law Reform Act of 2009 (see L 2009, ch 56, §
1, hereinafter "2009 DLRA") provides remedial resentencing to
low-level non-violent felony drug offenders who meet various
basic eligibility requirements (see CPL 440.46 [1]).  The 2009
DLRA, however, denies resentencing to any offender who is serving

a sentence for an "exclusion offense," which is, among other things, an "offense for which a merit time allowance is not available pursuant to [Correction Law § 803 (1) (d) (ii)]" (CPL 440.46 [5]; CPL 440.46 [5] [a] [ii]).  Correction Law § 803 (1) (d) (ii), in turn, makes a merit time allowance unavailable to an offender who is serving a sentence imposed for any of the violent or sexual crimes specifically enumerated in that statute, without regard to the offender's predicate sentencing status (see Correction Law § 803 [1] [d] [ii]).  That statute also prevents any offender serving a sentence "authorized for an A-I felony offense" from receiving a merit time allowance (id.), thereby denying such an allowance to anyone who has been sentenced as a persistent felony offender (see Penal Law §§ 70.02 [2] [a]; 70.02 [3] [a] [i]; 70.10 [2]).

In interpreting the language of these interlocking statutes, the Departments of the Appellate Division are divided over the proper answer to the following question: does the DLRA resentencing exclusion apply to all offenders who are ineligible to receive a merit time allowance, including those who cannot receive those allowances solely by virtue of their recidivist sentencing adjudications; or, to the contrary, does it apply only to offenders who have been convicted of certain serious crimes that are specifically listed in Correction Law § 803 (1) (d) (ii) and eliminate the possibility of a merit time allowance regardless of an offender's recidivist sentencing adjudication?

We hold that the exclusion applies only to offenders who have been convicted of one or more of the serious crimes that automatically render merit time allowances unavailable under Correction Law § 803 (1) (d) (ii), and that therefore an offender who has no such conviction may be resentenced, notwithstanding his or her adjudication as a persistent felony offender.

I

In 2001, defendant Earl Coleman was convicted, after a jury trial held before the County Court of Sullivan County, of two counts of criminal sale of a controlled substance in the third degree (see Penal Law § 220.39 [1]).  Based on defendant's prior felony convictions for robbery in the third degree (see Penal Law § 160.05) and criminal possession of stolen property in the third degree (see Penal Law § 165.50), the court exercised its discretion to adjudicate defendant a persistent felony offender and sentenced him to an aggregate indeterminate prison term of 15 years to life.  The Appellate Division, Third Department affirmed defendant's conviction on direct appeal, and a Judge of this Court denied him leave to appeal (see People v Coleman, 4 AD3d 677, 677-679 [3d Dept 2004], lv denied 2 NY3d 797 [2004]).

On November 25, 2009, defendant filed a motion in County Court for resentencing pursuant to the 2009 DLRA, as codified in pertinent part in CPL 440.46.  Defendant contended that he met all the statutory eligibility requirements and should

be resentenced.  The People opposed defendant's resentencing application on the theory that he was serving a sentence on a conviction for an "exclusion offense" which rendered him ineligible for resentencing (CPL 440.46 [5]).

In his motion papers, defendant also asked the court to assign him counsel pursuant to CPL 440.46 (4).  The court took no action on defendant's request for the assignment of counsel, and defendant litigated his resentencing motion without the assistance of counsel.  Following motion practice, the court denied defendant's resentencing motion on the ground that he was ineligible for resentencing under the statute.  Defendant appealed from the order denying his resentencing motion, and the Appellate Division reversed and remitted the matter to County Court for further proceedings, finding that County Court had erroneously failed to assign counsel to represent defendant in the resentencing proceedings (see People v Coleman, 83 AD3d 1223, 1223 [3d Dept 2011]).

Upon remittal, defendant, now represented by counsel, submitted additional papers in support of his resentencing application.  In those submissions, defendant continued to maintain that he was eligible for resentencing under the 2009 DLRA because he was in the custody of the Department of Corrections and Community Supervision upon his convictions for the class B felony drug offense of criminal possession of a controlled substance in the third degree, and that his

indeterminate sentence of 15 years to life included a maximum term of more than three years, as mandated by the statute's eligibility requirements (see CPL 440.46 [1]). Furthermore, defendant insisted that he was not serving a sentence upon a conviction for, nor did he have a predicate felony conviction for, any statutorily defined "exclusion offense" (CPL 440.46 [5]) that would make him ineligible for resentencing. According to defendant, although he could not receive a merit time allowance as a result of his adjudication as a persistent felony offender, his current conviction was not for an "offense" for which "a merit time allowance was unavailable pursuant to [Correction Law § 803 (1) (d) (ii)]" (CPL 440.46 [5] [a] [ii]). Rather, in defendant's view, he merely had a sentencing adjudication, as opposed to an offense, that prevented him from receiving a merit time allowance. Defendant further argued that, because substantial justice did not dictate the denial of his resentencing application, he should be resentenced (see CPL 440.46 [3]; see also L 2004, ch 738, § 23).

The People renewed their opposition to defendant's resentencing application, asserting that he was serving a sentence upon a conviction for an "exclusion offense." According to the People, because defendant had been sentenced as a persistent felony offender on the instant drug crimes and could not obtain a merit time allowance, his current drug offenses qualified as "exclusion offenses" under the merit-time-related

resentencing exclusion.  County Court issued an order denying defendant's resentencing application, finding him ineligible for resentencing on essentially the grounds advanced by the People. Defendant appealed.

A divided panel of the Appellate Division reversed County Court's order and remitted the matter for further proceedings (see People v Coleman, 110 AD3d 76, 77-79 [3d Dept 2013]).  The majority held that, because defendant met the basic eligibility requirements for resentencing under the 2009 DLRA and had no conviction for an "exclusion offense," he was eligible for resentencing (id. at 77-78 [opinion by Peters, P.J.]).  Observing that the Penal Law defines an "offense" as criminal conduct and separately treats a "sentence" as the punishment for that offense (Penal Law § 10.00 [1]), the majority determined that the 2009 DLRA's resentencing exclusion based on the unavailability of a merit time allowance applies only to an offender who has a conviction for an "'offense for which a merit time allowance is not available pursuant to [Correction Law § 803 (1) (d) (ii)]'" and not to an offender whose sentencing adjudication alone prevents him or her from obtaining a merit time allowance (id. at 78, quoting CPL 440.46 [5] [a] [ii] [emphasis in original]).

Indeed, the majority opined, the remedial purpose of the 2009 DLRA compels the conclusion that the latter type of offender is among the low-level non-violent drug offenders upon whom the statute liberally confers relief, and only the former

type of offender is unable to be resentenced (see id. at 77).
The majority concluded that, because defendant had no conviction
for an offense that automatically precluded his receipt of a
merit time allowance, his inability to receive a merit time
allowance as a result of his persistent felony offender
adjudication did not make him ineligible for resentencing (see
id. at 78).  In light of its finding of eligibility, the majority
remitted the case to allow County Court to determine whether
substantial justice dictated the denial of defendant's
resentencing application (see id. at 78-79).

One Justice dissented and voted to affirm County
Court's order (see id. at 79-80 [Stein, J., dissenting]).  The
dissent asserted that the 2009 DLRA's definition of an "exclusion
offense" "clearly references Correction Law § 803 (1) (d) (ii)
without limitation," including that Correction Law provision's
prohibition against merit time allowances for offenders serving
sentences for class A-I felonies (id. at 80).  Thus, according to
the dissent, the resentencing exclusion applies to all offenders
who, like defendant, are persistent felony offenders serving
sentences authorized for class A-I felonies, and defendant was
ineligible for resentencing (see id. at 79-80).  The dissenting
Justice of the Appellate Division granted the People leave to
appeal (see 21 NY3d 1078 [2013]), and we now affirm.

II

Under the 2009 DLRA, a defendant who meets the basic

statutory eligibility requirements is eligible for resentencing

unless he or she "is serving a sentence on a conviction for or

has a predicate felony conviction for an exclusion offense" (CPL

440.46 [5]; see CPL 440.46 [1]).  Here, it is undisputed that

defendant meets the basic statutory eligibility requirements.

Therefore, defendant's eligibility for resentencing turns on

whether he has been convicted of an "exclusion offense."

CPL 440.46 (5) (a) defines an "exclusion offense" in

pertinent part as:

> "a crime for which the person was previously
> convicted within the preceding ten years,
> excluding any time during which the offender
> was incarcerated for any reason between the
> time of commission of the previous felony and
> the time of commission of the present felony,
> which was: (i) a violent felony offense as
> defined in [Penal Law § 70.02]; or (ii) any
> other offense for which a merit time
> allowance is not available pursuant to
> [Correction Law § 803 (1) (d) (ii)]." (CPL
> 440.46 [5] [a] [emphasis supplied]).

Thus, a defendant is ineligible for resentencing if, inter alia,

he or she has previously been convicted of an "offense" that

prevents the defendant from receiving a merit time allowance (CPL

440.46 [5] [a]).  Correction Law § 803 (1) (d) (ii), to which the

definition of a merit-time-ineligible "exclusion offense" refers,

describes the circumstances under which a defendant may receive a

merit time allowance, stating:

> "[A] merit time allowance shall not be
> available to any person serving an
> indeterminate sentence authorized for an A-I
> felony offense, other than an A-I felony
> offense defined in [Penal Law article 220],

> or any sentence imposed for a violent felony
> offense as defined in [Penal Law § 70.02],
> manslaughter in the second degree, vehicular
> manslaughter in the second degree, vehicular
> manslaughter in the first degree, criminally
> negligent homicide, an offense defined in
> [Penal Law article 130], incest, or an
> offense defined in [Penal Law article 263],
> or aggravated harassment of an employee by an
> inmate." (Correction Law § 803 [1] [d] [ii]
> [emphasis supplied]).

Because, under the Penal Law, a defendant will receive a sentence authorized for a class A-I felony if he or she is sentenced as a persistent felony offender (see Penal Law §§ 70.00 [2] [a]; 70.00 [3] [a] [i]; 70.10 [1]), Correction Law § 803 (1) (d) (ii) necessarily makes a merit time allowance unavailable to a defendant who has been adjudicated a persistent felony offender.

Interpreting the 2009 DLRA's merit-time-related exclusion in People v Gregory (80 AD3d 624 [2d Dept 2011], lv denied 17 NY3d 806 [2011]), the Appellate Division, Second Department concluded that a conviction for an "exclusion offense" can be a conviction for any offense for which a defendant has been adjudicated a persistent felony offender because such a sentencing adjudication bars the receipt of a merit time allowance under the Correction Law (see Gregory, 80 AD3d at 625). The court essentially reasoned that even though the offense underlying such a conviction is not a class A-I felony or one of the other serious felonies listed in Correction Law § 803 (1) (d) (ii), it becomes a merit-time-ineligible "offense" by virtue of the persistent felony offender adjudication, which links the

current offense to the past offenses in a manner that eliminates the possibility of a merit time allowance (see id.).  By contrast, here, the Appellate Division, Third Department held that the pertinent resentencing exclusion applies solely to a defendant who has been convicted of a crime that absolutely prevents him or her from obtaining a merit time allowance, regardless of sentencing status, because the resentencing exclusion is based on the nature of the defendant's offense rather than his or her sentence (see Coleman, 110 AD3d at 77-78). We agree with the Third Department and conclude that defendant here has no conviction for an "exclusion offense" because he has never been convicted of a crime that by its very nature makes it impossible for the offender to receive a merit time allowance under the Correction Law, notwithstanding that defendant happens to be unable to receive such an allowance due to his persistent felony offender adjudication.

As reflected in the divergent views of the Appellate Division Departments, there is some ambiguity in the critical clause of CPL 440.46 (5) (a), which defines an "exclusion offense" as an "offense for which a merit time allowance is not available pursuant to [Correction Law § 803 (1) (d) (ii)]" (CPL 440.46 [5] [a] [ii]).  Certainly, that language suggests that a defendant has a conviction for an "exclusion offense" only if the defendant's "offense," i.e., his or her criminal conduct (Penal Law § 10.00 [1]), constitutes a crime that necessarily causes a

person convicted of it to lose any chance of obtaining a merit time allowance.  On the other hand, the same clause's citation to Correction Law § 803 (1) (d) (ii) leads to the opposite conclusion, for that statute, when read literally, prevents a defendant from obtaining a merit time allowance based on the sentence authorized or imposed for his or her offense rather than the offense itself (see Correction Law § 803 [1] [d] [ii]).  That being so, one could reasonably find, as the Second Department did and the People argue, that CPL 440.46 (5) (a) uses the combination of the term "offense" and the Correction Law's sentence-based merit time restrictions to preclude resentencing for any defendant whose offense actually results in a sentence that bars the receipt of a merit time allowance.  However, as the Third Department found and defendant argues, it is just as reasonable to treat the resentencing exclusion as dependent on the nature of the defendant's "offense" rather than the merit time implications of his or her sentence, such that the exclusion can be triggered only by a conviction for one of the "offenses" listed in Correction Law § 803 (1) (d) (ii) which automatically render a merit time allowance unavailable.

        In choosing between these two plausible readings of the statute, we are guided by the precept that the plain terms of the 2009 DLRA, like any statute, should be interpreted in a manner that effectuates the intent of the Legislature (see People v Mitchell, 15 NY3d 93, 97 [2010]; People v Robinson, 95 NY2d 179,

182 [2000]).  Although there is virtually no official legislative history of the particular resentencing exclusion at issue here, we may look to the broader purpose of the DLRA as a whole for guidance in divining the meaning of the exclusion.  Indeed, in our prior decisions interpreting the DLRA resentencing exclusions, we have relied on the legislative intent underlying the remedial framework of the 2009 DLRA, which we summarized in detail (see People v Sosa, 18 NY3d 436, 441-442 [2012]; People v Paulin, 17 NY3d at 238, 244 [2011]).  As we have made clear, when the Legislature enacted the 2009 DLRA, it sought to ameliorate the excessive punishments meted out to low-level, non-violent drug offenders under the so-called Rockefeller Drug Laws, and therefore the statute is designed to spread relief as widely as possible, within the bounds of reason, to its intended beneficiaries (see Sosa, 18 NY3d at 438, 441-442; Paulin, 17 NY3d at 244; see also Assembly Sponsor's Mem, Bill Jacket, L 2004, ch 738, at 6 [discussing the similar legislative intent behind the Drug Law Reform Act of 2004]).

          We adopt defendant's interpretation of the relevant resentencing exclusion under the 2009 DLRA because it is more consistent with the statute's remedial purpose than the People's interpretation.  As interpreted by defendant, the statute would grant the benefits of remedial resentencing to a broad array of non-violent offenders, including those who could have received a merit time allowance had they not been sentenced as persistent

felony offenders, and resentencing would be categorically prohibited for only a small subset of offenders who have been convicted of serious offenses that by operation of law must result in merit-time-ineligible sentences.  By contrast, the People's reading of the statute would deny resentencing to all persistent felony offenders and permit it for just a limited group of offenders who are eligible for a merit time allowance, thereby depriving a substantial number of non-violent drug offenders of the relief which the Legislature envisioned.[1]

In addition to the legislative intent behind the 2009 DLRA, the overall character of the statute's various exclusions persuades us that the merit-time-related exclusion applies only to offenders who have convictions for the serious and violent crimes listed in Correction Law § 803 (1) (d) (ii).  In that regard, CPL 440.46 (5) generally excludes certain offenders from resentencing based on the violent or highly unsavory nature of the crimes they have committed.  For example, CPL 440.46 (5) bars resentencing for any offender who has a conviction for "a <u>violent</u> felony offense," and even the exclusions premised on an offender's recidivist sentencing status rely on the violent nature of the offender's criminal conduct, for they preclude

---

[1]  Although quite a few persistent felony offenders are not low-level offenders deserving of resentencing, a resentencing court may account for that fact by denying a persistent felon's resentencing application on substantial justice grounds where appropriate (<u>see</u> CPL 440.46 [3]; <u>see</u> <u>also</u> L 2004, ch 738, § 23).

resentencing based on the offender's conviction for a "second
violent felony offense" or "persistent violent felony offense"
(CPL 440.46 [5] [a]; CPL 440.46 [5] [b] [emphasis supplied]).[2]
Given the Legislature's evident conclusion that the violent
nature of an offender's misconduct should render him or her
ineligible for resentencing, the Legislature likely took the same
view in crafting the merit-time-related exclusion.  Therefore, it
is reasonable to think that the Legislature cited Correction Law
§ 803 (1) (d) (ii) simply to prevent the resentencing of
offenders who, by their commission of the mostly violent and
sexual offenses mentioned in that statute, have shown themselves
undeserving of resentencing.  When viewed in context, then, the
merit-time-related exclusion follows the offense-based approach
of the other exclusions by precluding resentencing only for
individuals whose offenses are so serious as to make it
impossible for them to receive a merit time allowance under the
Correction Law.  Accordingly, while a defendant convicted of a
class A-I felony or any of the other serious crimes mentioned in
Correction Law § 803 (1) (d) (ii) cannot be resentenced under the

---

[2]  Notably, although CPL 440.46 (5) (b) effectively
prohibits resentencing for offenders who have certain predicate
felony offender adjudications, such as an adjudication as a
second violent felony offender, it does not include the People's
proposed exclusion for any offender who has been adjudicated a
persistent felony offender.  This omission further suggests that
the Legislature did not want to preclude resentencing for
offenders who, like defendant, have received severe recidivist
sentencing adjudications but have not committed violent, sexual
or other unusually serious crimes.

2009 DLRA, persistent felony offenders who have no such convictions are eligible for resentencing.

Here, defendant has never been convicted of any of the crimes which eliminate the possibility of a merit time allowance under Correction Law § 803 (1) (d) (ii) within the relevant time period, and he meets all other eligibility criteria under the 2009 DLRA. Thus, we conclude that defendant is eligible for resentencing. In light of that determination, we find it unnecessary to consider defendant's remaining arguments regarding his eligibility for resentencing.

## III

Accordingly, the order of the Appellate Division should be affirmed.

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

Order affirmed. Opinion by Judge Abdus-Salaam. Chief Judge Lippman and Judges Graffeo, Read, Smith, Pigott and Rivera concur.

Decided October 16, 2014