■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JACE DAVIS, Appellant. [9 NYS3d 732]—

Devine, J. Appeal from an order of the County Court of Broome County (Smith, J.), entered October 11, 2012, which denied defendant's application for resentencing pursuant to CPL 440.46.

In 2002, defendant was convicted of criminal sale of a controlled substance in the third degree and was sentenced to 8 to 16 years in prison. In 2012, defendant made an application to be resentenced under the Drug Law Reform Act of 2009. County Court denied the application and defendant appeals.

We affirm. Pursuant to the Drug Law Reform Act, eligible defendants shall be resentenced unless "substantial justice dictates that the application should be denied" (L 2004, ch 738, § 23; *see People v Peterson*, 88 AD3d 1026, 1027 [2011]). Further, "County Court is vested with discretion to determine whether substantial justice dictates denial of a defendant's application for resentencing" (*People v Peterson*, 88 AD3d at 1027 [citation omitted]; *see People v Rivers*, 43 AD3d 1247, 1247 [2007], *lv dismissed* 9 NY3d 993 [2007]). The record reflects

that defendant has a lengthy criminal history dating back to 1987, including several felony convictions. Moreover, since his 2002 conviction, he has violated parole three times, the final violation resulting in a 2011 conviction for tampering with physical evidence. Notwithstanding his allegedly positive institutional history, we cannot say that County Court abused its discretion in denying defendant's application for resentencing under these circumstances (see People v Buckery, 98 AD3d 1191, 1192 [2012], lv denied 20 NY3d 1009 [2013]; People v Peterson, 88 AD3d at 1027; People v La Porte, 53 AD3d 984, 985 [2008]).

Lahtinen, J.P., Rose and Clark, JJ., concur. Ordered that the order is affirmed.