## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  May 19, 2016                    107095
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

            v                            MEMORANDUM AND ORDER

JAMES LEE,
                    Appellant.
_____

Calendar Date:   April 18, 2016

Before:  Lahtinen, J.P., McCarthy, Garry, Rose and Aarons, JJ.

_____

    Torrance L. Schmitz, Vestal, for appellant, and appellant
pro se.

    Weeden A. Wetmore, District Attorney, Elmira (Sophie J.
Marmor of counsel), for respondent.

_____

Lahtinen, J.P.

    Appeal from an order of the County Court of Chemung County
(Hayden, J.), entered August 28, 2014, which denied defendant's
motion for resentencing pursuant to CPL 440.46.

    In 2001, defendant was convicted of three counts of
criminal sale of a controlled substance in the third degree, one
count of criminal possession of a controlled substance in the
third degree and one count of criminal possession of a controlled
substance in the fourth degree.  He was sentenced as a second
felony offender to four prison terms of 12½ to 25 years on the
criminal sale and third-degree criminal possession convictions
and a prison term of 7½ to 15 years on the fourth-degree criminal
possession conviction, all sentences to run concurrently.  His

conviction was later affirmed on appeal (People v Lee, 303 AD2d 839 [2003], lv denied 100 NY2d 622 [2003]).

In 2009, defendant made a pro se motion pursuant to CPL 440.46 to be resentenced on these crimes. County Court denied the motion on the ground that a prior violent felony conviction rendered him ineligible for resentencing. This Court reversed and remitted the matter to County Court to reconsider defendant's motion in light of the relevant factors (People v Lee, 110 AD3d 1346 [2013]). On remittal, County Court again denied defendant's motion, finding that he was not entitled to resentencing on the fourth-degree criminal possession conviction, a class C felony, because the provisions of CPL 440.46 applied only to class B felonies. Nevertheless, the court proceeded to review defendant's criminal history, the circumstances underlying his conviction, his prison disciplinary record and his accomplishments while in prison, and concluded that substantial justice would not be served by resentencing him. Defendant now appeals.

Initially, the People concede, and we agree, that County Court erred in finding that defendant was ineligible to be resentenced on the crime of criminal possession of a controlled substance in the fourth degree because it is a class C felony. The statute clearly provides for resentencing on a class C felony where, as here, the original sentence was imposed at the same time as the sentences on the class B felonies (see CPL 440.46 [2]). Accordingly, defendant was eligible to be resentenced on this crime.

Notwithstanding this error, County Court proceeded to consider the merits of defendant's motion. Under CPL 440.46, an eligible defendant shall be resentenced "unless 'substantial justice dictates that the application should be denied'" (People v Davis, 128 AD3d 1269, 1269 [2015], quoting L 2004, ch 738 § 23; see People v Carpenter, 86 AD3d 721, 721 [2011]). Here, County Court considered defendant's lengthy criminal history, including a conviction for escape in the first degree arising from his escape from jail in 2001, his prison disciplinary record and his failure to take responsibility for his crimes. The court also took into account defendant's accomplishments while in prison,

but concluded that substantial justice would not be served by resentencing in light of the other factors.  Under the circumstances presented, we find that County Court did not abuse its discretion in denying defendant's motion (see People v Davis, 128 AD3d at 1270; People v Allen, 118 AD3d 1048, 1049 [2014], lv denied 24 NY3d 958 [2014]; People v Buckery, 98 AD3d 1191 [2012], lv denied 20 NY3d 1009 [2013]).  We have considered the contentions raised in defendant's pro se brief and find them to be unavailing.

McCarthy, Garry, Rose and Aarons, JJ., concur.

ORDERED that the order is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court