People v Coleman (2018 NY Slip Op 00356)





People v Coleman


2018 NY Slip Op 00356


Decided on January 18, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 18, 2018

107849

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
EARL COLEMAN, Appellant.

Calendar Date: December 14, 2017

Before: McCarthy, J.P., Egan Jr., Devine, Mulvey and Rumsey, JJ.


Jane M. Bloom, Monticello, for appellant.
James R. Farrell, District Attorney, Monticello, for respondent.


Mulvey, J.

MEMORANDUM AND ORDER
Appeal from an order of the County Court of Sullivan County (LaBuda, J.), entered July 21, 2015, which denied defendant's motion for resentencing pursuant to CPL 440.46.
In 2001, defendant was convicted of criminal sale of a controlled substance in the third degree (two counts) and was sentenced as a persistent felony offender to an aggregate prison term of 15 years to life (4 AD3d 677 [2004], lvs denied 2 NY3d 797 [2004], 3 NY3d 672 [2004]). In 2011, defendant sought resentencing under the Drug Law Reform Act of 2009 (see CPL 440.46). County Court denied the application, finding that defendant was ineligible for resentencing under CPL 440.46. Defendant appealed and this Court reversed, finding that County Court had erroneously failed to assign defendant counsel in the
resentencing proceedings, and the matter was remitted to County Court (83 AD3d 1223, 1223 [2011]). Upon remittal, County Court again denied the application on the ground that defendant was ineligible for resentencing under CPL 440.46. This Court reversed, finding that defendant met the eligibility requirements for resentencing and remitted the matter for further proceedings (110 AD3d 76, 77-79 [2013], affd 24 NY3d 114 [2014]). Following a hearing upon remittal, County Court denied resentencing pursuant to CPL 440.46 on substantial justice grounds, citing defendant's criminal history. Defendant now appeals.
We affirm. The Drug Law Reform Act provides that eligible defendants shall be resentenced unless "substantial justice dictates that the application should be denied" (L 2004, ch 738 § 23; see People v Davis, 128 AD3d 1269, 1269 [2015], lv denied 27 NY3d 996 [2016]). "County Court is vested with discretion to determine whether substantial justice dictates denial of a defendant's application for resentencing" (People v Peterson, 88 AD3d 1026, 1027 [2011] [citation omitted]; see People v Bethea, 145 AD3d 738, 738 [2016], lv denied 29 NY3d 946 [2017]). Here, defendant's criminal history includes several felony convictions, multiple misdemeanor convictions and a parole violation, as well as various prison disciplinary [*2]infractions. Under these circumstances, we cannot say that County Court abused its discretion in denying resentencing (see People v Davis, 128 AD3d at 1269-1270; People v Graham, 97 AD3d 845, 845 [2012]; People v Carpenter, 86 AD3d 721, 721-722 [2011]).
McCarthy, J.P., Egan Jr., Devine and Rumsey, JJ., concur.
ORDERED that the order is affirmed.