People v Boykins (2018 NY Slip Op 02919)





People v Boykins


2018 NY Slip Op 02919


Decided on April 27, 2018


Appellate Division, Fourth Department


Dejoseph, J., J.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, LINDLEY, DEJOSEPH, AND CURRAN, JJ.


123 KA 16-01467

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
REGINALD D. BOYKINS, DEFENDANT-APPELLANT. 






D.J. & J.A. CIRANDO, ESQS., SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR DEFENDANT-APPELLANT.
VALERIE G. GARDNER, DISTRICT ATTORNEY, PENN YAN (DAVID G. MASHEWSKE OF COUNSEL), FOR RESPONDENT. 


Dejoseph, J.
 Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Yates County Court (W. Patrick Falvey, J.), dated May 23, 2016. The order denied the motion of defendant pursuant to CPL 440.20 to set aside his sentence. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law, the motion is granted, the sentence is set aside and the matter is remitted to Yates County Court for resentencing.
Opinion by Dejoseph, J.:
The issue raised in this appeal is whether the 2004 and 2009 Drug Law Reform Acts ([DLRA] L 2004, ch 738; L 2009, ch 56) allow a sentencing court to sentence a defendant convicted of a felony offense defined in Penal Law article 220 or 221, i.e., a controlled substance or marihuana offense, as a persistent felony offender (PFO). We conclude that the DLRA removed County Court's discretion to sentence a defendant convicted of a drug felony as a persistent felony offender.
Facts and Procedural History
Defendant was charged by indictment with two counts of criminal possession of a controlled substance (CPCS) in the third degree (Penal Law § 220.16 [1]), based on allegations that defendant knowingly and unlawfully possessed cocaine with the intent to sell it on February 18, 2012 and March 14, 2012, and two counts of criminal sale of a controlled substance (CSCS) in the third degree (§ 220.39 [1]), based on allegations that defendant knowingly and unlawfully sold cocaine on the same dates. After a jury trial, defendant was convicted of one count each of CPCS in the third degree and CSCS in the third degree for the possession and sale of cocaine on February 18, 2012, and was acquitted of the charges arising from conduct occurring on March 14, 2012.
Defendant was thereafter sentenced as a PFO to concurrent, indeterminate terms of incarceration of 15 years to life.
Direct Appeal:
Defendant appealed from the judgment of conviction, contending, inter alia, that he was improperly sentenced as a PFO because the court erred in determining that defendant's "history and character" and the nature and circumstances of his criminal conduct indicated that extended incarceration and life-time supervision would best serve the public interest. We affirmed, concluding that defendant's "sentence is not unduly harsh or severe," and that " [t]he court [*2]properly exercised its discretion when it adjudicated defendant a persistent felony offender and sentenced him accordingly' " (People v Boykins, 134 AD3d 1542, 1543 [4th Dept 2015], lv denied 27 NY3d 1066 [2016]).
Postconviction Motions For Resentencing:
In March 2015, defendant, acting pro se, moved pursuant to CPL 440.46 to be resentenced in accordance with the DLRA by vacating his sentence as a PFO and resentencing him as a second felony drug offender. In an order dated May 13, 2015, the court denied his motion for resentencing, converted the motion to a motion to set aside the sentence pursuant to CPL 440.20, and reserved decision on the CPL 440.20 motion. In an order dated September 24, 2015, the court denied the converted motion.
Before the court issued the September 24, 2015 order denying the converted motion, defendant, again acting pro se, moved pursuant to CPL 460.15 for leave to appeal to this Court from the order dated May 13, 2015. This Court dismissed defendant's motion for leave to appeal inasmuch as the only matter determined in the May 13, 2015 order was defendant's CPL 440.46 motion, from which defendant may appeal as of right (see CPL 440.46 [3]; L 2004, ch 738, § 23).
Instant Motion:
In March 2016, defendant, by counsel, moved pursuant to CPL 440.20 to vacate his sentence on the ground that he was illegally sentenced as a PFO. Defendant contended that, because the crimes of CPCS in the third degree (Penal Law § 220.16 [1]) and CSCS in the third degree (§ 220.39 [1]) fall within Penal Law article 220, a defendant convicted of those crimes is not subject to sentencing as a PFO. Defendant contended that the 2004 DLRA removed the trial court's discretion to sentence a defendant convicted of controlled substance or marihuana offenses as a PFO. The court denied the motion. Defendant then moved pursuant to CPL 460.15 for leave to appeal, and that motion was granted by a Justice of this Court. This appeal ensued.
Analysis
Preliminarily, we conclude that, while the issue raised in defendant's March 2016 CPL 440.20 motion could have been raised on direct appeal, defendant is not procedurally barred from asserting that issue at this juncture (see CPL 440.20; People v Jurgins, 26 NY3d 607, 612 n 2 [2015]). Further, that issue was not raised or determined upon the merits on defendant's direct appeal, rather, his challenge to his sentence was based upon a theory that the court, inter alia, failed to give certain mitigating factors the weight they should have been accorded (see generally CPL 440.20 [2]).
Moving now to the merits, Penal Law § 60.04 (1) provides that,
"[n]otwithstanding the provisions of any law, this section shall govern the dispositions authorized when a person is to be sentenced upon a conviction of a felony offense defined in article two hundred twenty or two hundred twenty-one of this chapter or when a person is to be sentenced upon a conviction of such a felony as a multiple felony offender as defined in subdivision five of this section" (emphasis added).
Penal Law § 60.04 (3) provides that "[e]very person convicted of a class B felony must be sentenced to imprisonment in accordance with the applicable provisions of section 70.70" (emphasis added). Further, in the subdivision entitled "Multiple felony offender," Penal Law § 60.04 (5) provides that, "[w]here the court imposes a sentence pursuant to subdivision three of section 70.70 of this chapter upon a second felony drug offender, as defined in paragraph (b) of subdivision one of section 70.70 of this chapter, it must sentence such offender to imprisonment in accordance with the applicable provisions of section 70.70" (emphasis added).
The sentencing statute referenced in Penal Law § 60.04 (5) defines a "[s]econd felony drug offender" as "a second felony offender as that term is defined in subdivision one of section 70.06 of this article, who stands convicted of any felony, defined in article two hundred twenty or [*3]two hundred twenty-one of this chapter other than a class A Felony" (§ 70.70 [1] [b]). Section 70.06, which deals with sentences of imprisonment for second felony offenders, defines such offender as "a person, other than a second violent felony offender as defined in section 70.04, who stands convicted of a felony defined in this chapter, other than a class A-1 felony, after having previously been subjected to one or more predicate felony convictions" (§ 70.06 [1] [a] [emphasis added]). A sentence of imprisonment for a second felony drug offender applies to those second felony drug offenders "whose prior felony conviction was not a violent felony" (§ 70.70 [3] [a] [emphasis added]). When a court finds that a defendant is a second felony drug offender who stands convicted of a class B felony, "the court shall impose a determinate sentence of imprisonment" (§ 70.70 [3] [b]), and "the term shall be at least two years and shall not exceed twelve years" (§ 70.70 [3] [b] [i]).
The plain language of the statutes is clear that, when a defendant is convicted of a drug offense, he or she must be sentenced under the provisions outlined by Penal Law § 60.04, "notwithstanding the provisions of any law." Thus, inasmuch as section 60.04 does not authorize sentencing such a defendant as a PFO, such a defendant cannot be sentenced pursuant to any provisions that do authorize sentencing as a PFO. While there are no definitive rulings on this issue by the Court of Appeals or any of the Appellate Divisions, trial courts have held that a drug offender is ineligible for PFO sentencing (see e.g. People v Wilson, 31 Misc 3d 1235[A], 2011 NY Slip Op 51004[U], *5 [Westchester County Ct 2011] ["Under the current law, a persistent felony offender sentence is no longer an option for defendant's crime of criminal possession of a controlled substance in the fourth degree - a class C felony offense"]).
As noted by the Court of Appeals, "when the legislature enacted the . . . DLRA, it sought to ameliorate the excessive punishments meted out to low-level, nonviolent drug offenders under the so-called Rockefeller Drug Laws, and therefore the statute is designed to spread relief as widely as possible, within the bounds of reason, to its intended beneficiaries" (People v Coleman, 24 NY3d 114, 122 [2014]). We believe that our interpretation of the DLRA is consistent with the remedial purpose of the DLRA, and we therefore conclude that Penal Law §§ 60.04 and 70.70 operate to preclude a court from sentencing a defendant found guilty of a qualifying drug felony as a PFO. Accordingly, we conclude that defendant's motion to vacate his sentence should be granted, the sentence should be set aside and the matter should be remitted to County Court for resentencing.
Entered: April 27, 2018
Mark W. Bennett
Clerk of the Court